## ADAMS *v.* WOODS *et al.*

PEASE, who had instituted a suit in the Supreme Court of New York against defendants, moved the Fourth District Court of this State, where the suit of *Adams* v. *Woods et al.* was pending, for an order on Naglee—receiver in this last suit, and as such having in his possession the books of the firm—to attach certain of those books to his deposition to be taken under commission from New York in the suit there.   The Court below ordered the books to be delivered to Wells, Fargo & Co., to be by them taken to New York, and after being used on the trial in Pease's suit to be returned to Naglee : *Held,* that this intervention by Pease is in effect a special proceeding, involving new and distinct rights, and that the order is not interlocutory, and may be appealed from.

APPEAL from the Fourth District.

The books of Adams & Co. were, by an order of the Fourth District Court of this State, delivered to Naglee, receiver in the suit of *Adams* v. *Woods et al.* there pending, for the settlement of the partnership of that firm.

Franklin R. Pease filed affidavits, entitled *Adams* v. *Woods et al.*, Fourth District Court, setting forth, among other things, that he has commenced suit against the defendants, Woods *et al.* and others, in the Supreme Court of the State of New York, upon a large number of certificates of deposit, issued by defendants under the firm name of Adams & Co., at their various places of business in California; that these certificates have been endorsed by the several depositors, and that, as they are miners scattered around the country, it is impossible to prove their endorsements except by a comparison of the handwriting of the endorsements with the names of the depositors written upon the " stump book " of defendants, or the margin of the book out of which Adams & Co. cut all their certificates of deposit, that house always requiring the depositor to write his name in the margin of the leaf of this book where the number, date and amount, corresponding with the certificate,

Adams v. Woods.

were entered.    Upon these affidavits, Pease moved the Fourth District Court for an order requiring Naglee to attach to his deposition, to be taken in the suit of Pease pending in New York, the "margins" of said books which correspond with the certificates sued on. Counter affidavits were filed in the suit of *Adams* v. *Woods et al.*, setting forth that these books and "margins" were essential to the settlement of the affairs of the firm, and were the only means Adams & Co. had of proving the genuineness of endorsements on their certificates, and of protecting themselves in cases where judgments had been obtained against them without filing the certificates.

The Court below made an order requiring Naglee to deliver the books to Wells, Fargo & Co., to be by them transmitted to New York for use on the trial of the suit of Pease, and then to be returned to Naglee, Pease giving bond for their safe return.    From this order plaintiff appeals.

*C. T. Botts*, for Appellant.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

We think the order for the delivery of the book should not have been made.    We do not regard it, however, as an interlocutory order.    It certainly partakes of an independent proceeding on the part of Pease, the plaintiff in the notice, as much as if he claimed the book as his property, and the Court ordered it to be given up to him.    Such an intervention, involving new and distinct rights, and being limited and spent by the final order, can scarcely be considered as merely interlocutory, and appurtenant to the main litigation.    On the contrary, we think it in effect a special proceeding; not the less so because entitled of another cause and operating on a subject involved in such cause.    If Pease had claimed a sum of money in the receiver's hands, and the Court had awarded it to him, we suppose this would be such a final order as to justify an appeal by the receiver or the parties to the litigation aggrieved by the order.    We see no necessity of waiting for an appeal until final judgment, or of compelling the parties to resort to other modes of procedure for redress.    It is a simple and expeditious remedy to appeal, and we think it admissible.

Order reversed.