[No. 4779.]

EUGENE KELLY ET AL. *v.* REFUGIA A. BANDINI, ADMINISTRATRIX WITH THE WILL ANNEXED OF THE ESTATE OF JUAN BANDINI, DECEASED.

JUDGMENT WHERE SEVERAL DEFENDANTS ARE JOINTLY LIABLE.—In an action against two defendants on a joint contract, the plaintiff may have a several judgment against one defendant who has been served with process, even though the other is not served.

IDEM.—Such judgment is not vitiated as to the defendant served, even if, in form, entered up against both the defendants.

JUDGMENT AGAINST ADMINISTRATOR.—A judgment against an administrator for a demand against the intestate should provide for the payment of the same in due course of administration.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The plaintiff sued Juan Bandini and Joseph Reiner, on a joint demand, on the 15th day of August, 1857. The judgment-roll shows that service was made on Bandini, but fails to show service on Reiner. Bandini answered, but Reiner did not appear. On the 21st day of April, 1858, the plaintiffs had a judgment, which, in form, was entered against both of the defendants. On the 4th of November, 1859, Bandini died. On the 5th of November, 1873, the defendant was appointed the administratrix of his estate, with the will annexed. The judgment was presented to her for allowance, but she refused to allow the same. This action was commenced on the 18th of July, 1874, on the judgment. The plaintiffs recovered judgment against the administratrix, and she appealed.

*Thom & Ross*, for the Appellant.

The judgment being a joint judgment, and being void as to one of the defendants, is necessarily void as to the other.

A joint judgment is an entirety. To be valid as to one defendant, it must be valid as to the other.

In Freeman on Judgments, section 136, it is said: "A judgment rendered against persons jointly liable is an entirety, and if void as to one defendant, is void as to all." (See also *Shufford* v. *Cain*, 1 Abb. U. S. 302.)

"If, in an action on a judgment against several joint defendants, it appears that one of them was never served with process, the judgment is considered as a nullity, even against the others." (*Holbrook* v. *Murray*, 5 Wend. 104.)

*Brunson & Eastman*, for the Respondents.

Bandini appeared and answered, and the judgment as to him is good if void as against Reiner. (*Inos* v. *Winspear*, 18 Cal. 397; *Bank of Stockton* v. *Howland*, 42 Cal. 129.)

By the COURT:

The judgment against the deceased, Bandini, was not void, even though it be admitted that his co-defendant, Reiner, was not served with the summons, and that the court acquired no jurisdiction as to him. However the rule

may have been at common law, it is clear that in this State a valid judgment may be rendered against one of several defendants sued upon a joint contract and duly served with the summons, even though the other defendants are not before the court. Section 32 of the Practice Act, in force when that judgment was rendered, provides that "if the action be against the defendants jointly indebted upon a contract, he (the plaintiff) may proceed against the defendant served, unless the court otherwise direct." It is clear, therefore, that though Reiner was not served, the plaintiffs might have proceeded to judgment against Bandini alone; and being entitled to a several judgment against him, the fact that Reiner was improperly united in it did not vitiate it as to the former.

The judgment, however, in the present action is erroneous, in that it omits to provide that it shall be paid in the due course of administration. The cause is, therefore, remanded, with an order to the court below to modify the judgment accordingly.