[L. A. No. 788.   Department Two. — March 6, 1901.]

## E. S. AYRES, Respondent, v. JOHN BURR, Sheriff, et al., Appellants.

ATTACHMENT—BOND TO PREVENT LEVY—CONSTRUCTION OF CODE—STAY BOND UPON APPEAL.— A bond given to the sheriff to prevent the levy of an attachment is not within the terms of section 671 of the Code of Civil Procedure, and is not destroyed or affected by the giving of a bond to stay the enforcement of the judgment upon an appeal therefrom.

ID.— REFUSAL OF SUCCEEDING SHERIFF TO EXECUTE SECOND WRIT— ACTION UPON OFFICIAL BOND. — A succeeding sheriff, having the custody of the bond given to his predecessor to prevent the levy of an attachment, was justified in refusing to execute a second writ of attachment, issued by the clerk after reversal of the judgment upon appeal, and he is not liable to an action upon his official bond for such refusal.

ID.— LIMITATION OF PLAINTIFF'S RIGHT OF ATTACHMENT. — The provision of the code that the plaintiff may have the defendant's property attached, "unless the defendant give security to pay such judgment," means that he cannot have the property attached, if the required security is given by a bond to prevent the attachment.

ID.— SUBSEQUENT INSOLVENCY OF SURETY NOT PROVIDED FOR — STATUTORY PROCEEDINGS — CONSTRUCTION. — The statute may be defective in not providing for the case of the subsequent insolvency of one of the sureties on the bond to prevent the levy of the attachment, who was solvent when it was given; but the remedy is with the legislature, and not with the courts. Proceedings by attachment are purely statutory, and the statute is to be strictly construed.

FINDING AFTER ENTRY OF JUDGMENT—APPEAL — STIPULATION.— A finding made after the entry of judgment cannot be considered upon

appeal; and a stipulation, merely amounting to an agreement, that the court made the finding, and that it forms part of the record, does not show an agreement of the parties that it should be treated as part of the findings in the case.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

D. P. Hatch, for Appellants.

J. L. Murphey, and N. C. Burch, for Respondent.

THE COURT.—Action by plaintiff against the sheriff of Los Angeles County, and his official bondsmen, for neglect of duty in refusing to serve a writ of attachment in an action by the present plaintiff against one Thomas. Plaintiff had judgment, from which defendants appeal.

In the action—*Ayres* v. *Thomas*—which was commenced October 24, 1894, a writ of attachment was duly issued by the clerk on proper affidavit. To prevent the service of the writ, Thomas gave a bond on October 25, 1894, with two sureties, as provided in section 540 of the Code of Civil Procedure. This bond was in the usual form, reciting the pendency of the action, issuance of a writ of attachment, etc., and provided that the undersigned, "in consideration of the premises, and to prevent the levy of said attachment, do hereby jointly and severally undertake . . . and promise to the effect that if the plaintiff shall recover judgment in said action, we will pay to the plaintiff, upon demand, the amount of said judgment," etc., and the court found that the sheriff "accepted said undertaking, and returned said writ of attachment unserved, except by the taking of said undertaking, and that he proceeded no further." It was further found, that thereafter Ayres obtained judgment against Thomas, who appealed to this court, giving the statutory stay bond; the judgment was reversed here and the cause remanded for a new trial; that thereafter, and while the action was pending in the lower court, and before its determination, to wit, on September 7, 1897, plaintiff moved the court to require defendant Thomas to give a new undertaking in place of the former bond given to prevent an attachment, on the ground that the sureties on the former bond were insufficient, and on September 14, 1897, the court denied the motion, "upon the

ground that there was no provision of law authorizing the giving of new sureties or a new bond in such a case"; that on September 15, 1897, plaintiff filed an affidavit for an attachment and an undertaking with the clerk of the court, in due form, who thereupon "duly and regularly issued a writ of attachment in said cause, . . . and delivered the same to the defendant John Burr," the then sheriff, "and that said sheriff was directed by said writ to attach and safely keep all the property of said Thomas"; that defendant Thomas then had sufficient property on which levy could have been made; that the sheriff refused to serve the writ, and returned the same unserved, . . . and in said return assigned as the reason for his failure to attach and safely keep the property of said defendant, that said defendant had given to John C. Cline, his predecessor in the office of the sheriff of said county, an undertaking to prevent attachment." The court also found, that on September 15, 1897, and prior thereto, one of the sureties on said last-mentioned bond had become insolvent, and the other surety had but one thousand dollars which could be reached by execution, but said sureties were solvent when the bond was given; that plaintiff obtained judgment against Thomas, November 5, 1897, from which no appeal was taken, and that at that time Thomas had become insolvent, and plaintiff was unable to enforce his judgment against either Thomas or the said sureties, except as to the one thousand dollars enforceable against one of said sureties, and except as to fifty dollars collected from Thomas.

As conclusions of law the court found that the writ of attachment delivered to the sheriff, September 15, 1897, was good and valid, and that it was the duty of the sheriff, Burr, to serve the same, and that he and his bondsmen are liable for the failure of Sheriff Burr to execute the said writ.

There is a finding, numbered 13, to the effect that when the second writ was placed in the hands of the sheriff he did not know of the insolvency of the sureties on the bond given to prevent attachment, and also that no application was ever made to the court for the second writ issued September 15th. This finding was made and filed June 2, 1899, and the findings in the case were signed by the court and judgment entered thereon, May 27, 1899. This finding cannot be considered. (*Los Angeles Co.* v. *Lankershim*, 100 Cal. 525.) The stipulation is not sufficient to warrant our holding that both parties agreed that it should be treated as part of the findings in the

case. The stipulation merely amounts to an agreement that the court made the finding and that it forms part of the record.

We have found no statutory provision expressly governing the case in hand. Nowhere is there any express provision as to the effect of the appeal and the giving of a stay bond on the bond given to prevent the service of the attachment. Section 671 of the Code of Civil Procedure, speaking of the lien of the judgment, provides, among other things: "The lien continues for five years, unless the enforcement of the judgment be stayed on appeal by the execution of a sufficient undertaking as provided in this code, in which case the lien of the judgment, and any lien by virtue of an attachment that has been issued and levied in the action, ceases." Section 942 of the Code of Civil Procedure provides for the giving of a stay bond, the condition of which is, that "if the judgment . . . be affirmed, . . . the appellant will pay the amount directed to be paid by the judgment," etc.

Appellants' contention is, that the stay bond had no effect whatever on the bond given to prevent attachment; that this latter bond is an express contract to pay any judgment that may be recovered by Ayres against Thomas, provided Ayres will not take Thomas's property under writ of attachment; that the judgment referred to in the section is the final judgment in the case, regardless of any appeal that may be taken in the course of the litigation. As to section 671, appellants' position is, that there never was any lien by attachment; a bond was given to prevent attachment, and this, of course, means that the bond was given before any levy was made, and therefore there was no lien, and the section does not apply. It is urged that the just and consistent position is, that the bond given to prevent attachment is not destroyed by the appeal; that the statute (sec. 671) cannot be extended beyond its terms, which do not include the bond in question.

Appellants' second proposition is, that the sheriff had a right to refuse to execute the second writ, because in his office was record evidence of the fact that a bond had been given, as required by statute, to prevent an attachment, and that, so far as he knew, the bond was good and in full force.

Respondent contends that it is immaterial whether or not the stay bond on appeal had the effect to destroy the bond given to prevent attachment. His position is, that the second writ as it came to the sheriff was regular on its face; that

plaintiff had a right to have it issue, and if not, the sheriff could not question plaintiff's right to it; that admitting there was in his office the bond given to his predecessor, it was the latter's personal property, and did not protect his successor in office. Respondent relies on section 4187 of the Political Code, which provides as follows: "A sheriff or other ministerial officer is justified in the execution of, and must execute, all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued."

We think that the bond given to prevent the attachment was not destroyed or affected by the appeal. This bond was not given alone as personal protection to the sheriff, but was given for the benefit of the parties to the action, — as to the defendant Thomas, to protect his property from attachment; and as to the plaintiff, as security for the payment of the judgment that might be finally rendered in the case. Pending the appeal, it could not be enforced, but we cannot see that because the statute provides that execution is stayed on the judgment, and that certain mentioned liens existing at the time the appeal is taken cease, it must follow that the bond given to prevent attachment should be disturbed; certainly, the statute does not so provide, and we cannot add to its terms.

It is true that the sheriff is required to serve all writs and other process coming to him, which are regular on their face, as claimed by respondent, and he would ordinarily find complete justification for making service in the section of the Political Code above cited. But if it be conceded that the clerk had authority to issue the second writ of attachment, the sheriff cannot be held liable for refusing to execute it, if he was justified under the attachment law in doing so. Section 537 of the Code of Civil Procedure provides that "the plaintiff, at the time of issuing the summons, or at any time afterward, may have the property of the defendant attached for the satisfaction of any judgment that may be recovered, *unless the defendant give security to pay such judgment,* as in this chapter provided."

Section 538 of the Code of Civil Procedure provides that "the clerk of the court must issue the writ of attachment upon receiving an affidavit," setting forth certain facts. Section 540 of the Code of Civil Procedure provides that "the writ must

be directed to the sheriff of any county in which property of. such defendant may be, and must require him to attach property, . . . unless the defendant give him security sufficient to satisfy such demand, beside costs, or in an amount equal to the value of the property which has been or is about to be attached; in which case to take such undertaking."

The purpose of the bond is to prevent any attachment of defendants' property, and that object would be entirely thwarted if the sheriff were bound, under the section of the Political Code, to execute either the original writ or any other writ which the clerk might assume to issue at the instance of plaintiff. We do not see how plaintiff could have made the requisite affidavit when he took out the second writ, inasmuch as he had security by the bond given the sheriff. But waiving that matter, the statute seems plainly to provide that the plaintiff may have the defendants' property attached, "unless the defendant give security to pay such judgment," which means that he cannot have the property attached if the security be given. The bond to prevent the attachment was the required security. The statute may be defective in not providing for such a situation as we have here, but the remedy is with the legislature, and not with the courts. Proceedings by attachment are of statutory creation purely, and the statute is to be strictly construed.

In our opinion, the sheriff was justified in refusing to execute the writ, and hence neither is he nor are his bondsmen liable in this action.

The judgment is reversed, with directions to dismiss the action.

Rehearing denied.