### NEW YORK PHONOGRAPH CO. v. EDISON PHONOGRAPH CO.

(Circuit Court, S. D. New York. January 14, 1907.)

ATTORNEY AND CLIENT—MOTION FOR DISCHARGE OF SOLICITOR—BREACH OF CONTRACT.

> A court will not undertake to determine whether the solicitor for a complainant in a pending suit has been guilty of misconduct, or negligence, or a breach of his contract of employment, on a motion for his summary discharge and the substitution of a new solicitor, where the facts are in dispute; nor will it authorize such substitution, where under the contract the solicitor has a contingent interest in the recovery, without the giving of security to protect his rights.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 122, 302.]

On Petition for Rehearing on Application for Substitution of Solicitor.

For former opinion, see 148 Fed. 397.

Kohler & Kohler, for the motion.
Henry Melville, for respondent Camp.
Louis Hicks, pro se.

LACOMBE, Circuit Judge. The court has carefully examined the voluminous papers and also the brief submitted on application for rehearing. Much is asserted therein as to the court's misconceptions of the original motion and the relations of the parties interested therein. The result of an examination of the papers now presented conduces to a belief that the court was laboring under no misapprehensions when it filed the original memorandum, but, on the contrary, understood and understands quite clearly the situation of all parties, the object of the motion, and the results to be expected from its disposition one way or the other. On the contrary, petitioner seems to have misapprehended the decision already rendered. It was stated therein that all questions in controversy as to whether or not the solicitor had so misbehaved himself or had been so negligent and remiss as to justify his dismissal from the cause in which he had a contingent interest, under a contract which allowed him to protect that interest by continuing as counsel until the conclusion of the litigation, would have to be passed

upon in a plenary action between the parties interested, and should not now be considered in this summary way. All that is now to be ascertained by the master is what would be the fair value of the services actually rendered at the rate prevailing in New York for such services, and what was the amount of disbursements. Without such information it would be wholly impossible for the court to determine what sum should be secured (or paid) as a condition for allowing the client to summarily dismiss the solicitor. The proposition that the solicitor be secured merely by preserving his lien on the fruits of the litigation is preposterous. If the client should be so unfortunate as to place it in incompetent hands, there might never be any of the fruits which the original solicitor might produce, were the cause left in his hands, and thus, if eventually it should appear that the client could show no misconduct on the part of the solicitor, all remuneration for the labor of years would be wholly lost through the misconduct of the client. It is to guard against such iniquitous results that courts exercise the power of supervision over orders of substitution. No question as to any misconduct of the solicitor, diminishing or nullifying the value of the services actually rendered, will be before the master.

The motion was originally made for substitution of solicitor. Upon the argument it developed that there was some friction with the associate counsel, who is also retained under contract as to contingent fee. The decision, therefore, was so phrased as to enable the client, if it saw fit to make some change also in that regard, to have the master ascertain and report as to value of the services of both the solicitor and the counsel, so that it might be determined what sum should be paid or secured to each in the event of some one else being substituted in his place. If the petitioner prefers not to press for a substitution of some one in the place of the associate counsel, there will be no necessity for the master to conduct an inquiry as to the value of his services; and it is understood from the papers that no such motion is now made. Questions as to the right of the associate counsel to insist that under the original contract of employment he is entitled, so long as no misconduct is charged against him, to have charge of the further prosecution of the cause in connection with the original solicitor, whom he knows, has worked with, and trusts, instead of being forced into association with some other solicitor, whom he does not know, or knows too well—all such questions are not now before the court. In what way all such questions may come up cannot now be forecast. It may be necessary to dispose of them when the master's report is in, and it may not. Judging from the papers now submitted, if it should be found that the value of the solicitor's services exceeds $3,500, all further questions will be merely academic. When they arise properly it will be time enough to discuss them.

As to the suggestion that the second clause of the original terms imposed be modified, so as to provide that security be given instead of cash paid, it may best be disposed of when it is ascertained, upon the coming in of the master's report, how large a sum is to be provided for. No reason for any alteration of the disposition already made of the motion is now shown.

The petition for rehearing is denied.