[Civ. No. 2478. Second Appellate District.—October 26, 1917.]

JOHN C. CLINE, Sheriff, etc., Petitioner, v. SUPERIOR COURT, etc., et al., Respondents.

WRIT OF REVIEW—REMEDY BY APPEAL.—The writ of review does not lie when the petitioner has a right of appeal from the order which he seeks to have reviewed.

ID.—EXECUTION—SALE OF PROPERTY WITHOUT INDEMNITY BOND—ORDER UPON SHOW CAUSE PROCEEDINGS — REMEDY BY APPEAL. — Where a sheriff refuses to make a sale of property under execution until furnished with an indemnity bond by reason of the service upon him of a written claim under section 689 of the Code of Civil Procedure, and he is thereafter ordered upon show cause proceedings to make the sale without the bond, his remedy is by appeal from the order, and not by writ of review, the order having, as to him, the effect of a judgment.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an order of sale of property under writ of execution.

The facts are stated in the opinion of the court.

Loewenthal, Loeb & Walker, for Petitioner.

A. W. Ashburn, for Respondents.

CONREY, P. J.—In this proceeding a writ of review has been issued whereby the petitioner seeks to obtain judgment annulling an order made by the superior court of Los Angeles County. In an action wherein one E. O. Lenox was plaintiff, judgment was entered against several defendants, one of whom was Max Goldschmidt. A writ of execution upon that

judgment was duly issued and placed in the hands of the petitioner as sheriff of Los Angeles County. Pursuant to instructions in writing by the attorney of Lenox, the sheriff levied upon all the right, title, and interest of Max Goldschmidt in and to certain personal property described as property of Goldschmidt Brothers, it being claimed by Lenox that Max Goldschmidt was a partner in that firm. After the levy had been made, one Herman Goldschmidt served upon the sheriff a written claim, verified by his oath and made out in accordance with the provisions of section 689 of the Code of Civil Procedure, claiming as his property the said property levied upon by the sheriff and setting out the right of said Herman Goldschmidt to the possession thereof. Thereupon the sheriff informed the plaintiff's attorney that he would not make sale of the property unless the plaintiff would deliver to the sheriff a bond in the sum of three hundred thousand dollars to indemnify the sheriff against such third party claim. The plaintiff declined to furnish the indemnity bond and the sheriff refused to proceed further in the matter without indemnity. Thereupon Lenox, by his attorney, filed in said action an affidavit which stated the foregoing facts and the circumstances in full detail, and asked that the court order the sheriff to advertise for sale and sell the interest of Max Goldschmidt in said property without requiring the delivery of any bond by the plaintiff. An order to show cause was issued and served upon the sheriff, and a hearing was had before the court upon the above-mentioned affidavit and counter-affidavits. The court determined the matter against the sheriff, granted the motion of Lenox, and ordered the sheriff "to sell the interest in the partnership property without requiring bond." The principal facts are not only stated in the petition, but are admitted by the return filed herein. Together with its return, respondent court demurred to the petition, and has moved the court for an order dismissing this proceeding upon several grounds, of which one is that the petitioner has a right of appeal from said order of the superior court.

The writ of review does not lie when the petitioner has a right of appeal from the order which he seeks to have reviewed. (Code Civ. Proc., sec. 1068; *Stoddard* v. *Superior Court,* 108 Cal. 303, [41 Pac. 278].)

We are satisfied that the sheriff has a right of appeal from the order in question. It is admitted that he is not a party to the action in which the writ of execution was issued and that he is not interested in the subject matter of that writ; but he is interested in the order made against him, and in the protection of the rights which he claims to have under the provisions of section 689 of the Code of Civil Procedure. As to those claims the order in question has the effect of a judgment against him. By virtue of the order to show cause and the subsequent proceedings thereunder, the sheriff has been made a party to a collateral proceeding arising in the action, and he has a right to appeal from an order having the nature and effect of a judgment against him in such proceeding. The case is governed by the principles announced by the supreme court in *Anglo-Californian Bank, Ltd.,* v. *Superior Court,* 153 Cal. 753, [96 Pac. 803]. In that case it appeared that in an action to which the Anglo-Californian Bank was not a party, the superior court made an order requiring that the bank pay over to the receiver in the action money which the bank had in its possession as agent of the California Safe Deposit & Trust Company, an insolvent corporation. The bank did not claim any interest in the funds, but refused to pay to the receiver because claims were made to the bank by third parties who asserted ownership in said funds. Claiming that the order was one made in excess of the jurisdiction of the superior court, the bank applied to the supreme court and obtained a writ of review. After full consideration of the matter, that court determined that the writ was improperly issued because the petitioner had a right of appeal from the order. For that reason the proceeding was dismissed. The court said: "That an order of the character of the one under consideration is generally appealable by one affected thereby who is a party to the record is practically conceded by learned counsel for plaintiff, and it must be under the decisions of this court. The theory upon which the decisions sustain such right of appeal by such a party from such an order is that the order is in effect a final judgment against him in a collateral proceeding growing out of the action—in so far independent of the suit itself as to be substantially a final decree for the purposes of an appeal. . . . (See *Grant* v. *Superior Court,* 106 Cal. 324, [39 Pac. 604]; *Grant* v. *Los Angeles etc. Ry. Co.,* 116 Cal. 71, [47 Pac.

872]; *Los Angeles* v. *Los Angeles etc. Co.,* 134 Cal. 121, [66 Pac. 198].) Plaintiff's position on the merits is that by reason of the claim made against it by the third parties as to this money, it cannot safely pay the same to the receiver except in pursuance of some judgment or order made in a proceeding to which such claimants are parties, and that it is entitled either to retain the money until such controversy is determined, or to pay the money into a court having jurisdiction thereof, to abide such determination. The order in question is a final adjudication against plaintiff upon these matters. Its effect, if valid, is to require plaintiff to forthwith pay such money to the receiver, and finally deprive it of possession thereof without securing it against the claims of such third parties. It is clearly within the class of orders referred to in the cases last cited. Plaintiff was, of course, a party to the record, so far as such collateral proceeding was concerned, having been brought in as such a party by the order to show cause, and is fully within the rule of *Elliott* v. *Superior Court,* 144 Cal. 506, [103 Am. St. Rep. 102, 77 Pac. 1109], in regard to parties entitled to appeal.''

In the case at bar the sheriff has been made ''a party to the record, so far as such collateral proceeding was concerned, having been brought in as such party by the order to show cause.'' Being thus before the court and having been subjected to an adverse judgment affecting his substantial rights, he has the right of appeal from that judgment. It follows that the writ of review in this proceeding was improperly issued.

The writ is discharged and the proceeding dismissed.

James, J., and Shaw, J., concurred.