[Civ. No. 3473. First Appellate District, Division Two.—November 6, 1920.]

## M. D. HALL, Appellant, v. MAX ORLOFF, Respondent.

[1] ATTORNEY AND CLIENT — CONTRACT OF EMPLOYMENT — DISMISSAL OF SUITS WITHOUT CONSENT—PENALTY—VOID PROVISION.—A provision in a contract between an attorney at law and a client for the rendition of professional services in the prosecution of certain actions, that neither was to settle the cases without the consent of the other, and that should the client make any settlement, the attorney should be paid at least one thousand dollars, is void as against public policy.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Richard A. Dunnigan for Appellant.

Harry K. Wolff and I. R. Rubin for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment against him in an action in which he, as assignee of the rights of R. A. Dunnigan, sought to collect nine hundred dollars attorney's fees under a written contract for professional services made between said R. A. Dunnigan and defendant.

The trial court found that a written contract had been entered into between defendant and R. A. Dunnigan, under which contract the said Dunnigan was to render professional services as an attorney at law in the prosecution of two suits in which the defendant herein was the plaintiff. The only question involved in this appeal is as to the validity of certain provisions contained in said contract. The contract recites the employment of the attorney to file suit against Sam Orloff, Diana Orloff, and the Taft Junk Company, for an accounting of a partnership existing between said parties and the defendant herein, and also to prosecute another suit for damages against the said Sam Orloff for assault and battery upon the person of the defendant herein. It also provides that the defendant herein was to advance all costs of suit, and was to pay to the attorney fifty per cent of all moneys received in said actions, either by compromise or by judgment. Then follows the provision upon which this action is based. It is as follows: "It is specifically understood and agreed that neither of the parties hereto are to settle said cases without the consent and knowledge of the other, and the party of the second part (Orloff) agrees in event of any settlement being made to pay to said party of the first part, 50 per cent of said settlement, provided, however, that the said 50 per cent so paid to the said party of the first part shall not be less than $1000."

In accordance with this contract of employment, the attorney instituted suits in Kern County, for the purposes men-

tioned in the contract. Thereafter, on October 11, 1918, the defendant herein, in his own name and in his own behalf filed in the said superior court dismissals of said actions so filed by his said attorney. The court found that the defendant herein did not receive any consideration of any kind or character from the defendants or from any other source, for his dismissal of these actions. It was agreed by the parties, and the court so found, that it was the intention of the parties to the contract between Dunnigan and Max Orloff that said Max Orloff should not have the right to settle or dismiss or compromise the aforementioned actions without the consent of his attorney, and that if said Orloff did so dismiss said actions, he was required to pay as a penalty therefor the sum of one thousand dollars to his said attorney. Plaintiff herein relied upon this interpretation of the contract and gave defendant credit for one hundred dollars paid by him to his said attorney for costs and expenses, making a balance claimed of nine hundred dollars.

The trial court held that the provision in the contract between the parties for the payment of the one thousand dollars penalty was void as being contrary to public policy.

Appellant relies upon the case of *Hoffman* v. *Vallejo*, 45 Cal. 564. That case does not present the same question as the present appeal. In the Hoffman case a contract had been made between an attorney and his client for a contingent fee of one-half of the amount recovered by judgment or compromise in certain litigation regarding a large tract of land. It is true the contract contained a provision that the client should not compromise the case without the consent of the attorney, but the complaint alleged that after the attorney had expended much time, money, and labor upon the litigation, the client in contravention of the agreement, without the knowledge of the attorney and in fraud of his rights, made a settlement with the defendant under which the client received twelve thousand five hundred dollars, which, at the request of the client, was paid to his son, who invested it in real property which he was holding in trust for his father. The prayer was that an undivided one-half of the property purchased with the money received in compromise be decreed to be held in trust for the attorney in fulfillment of the agreement made by the client to pay to the

attorney as his fee one-half of whatever was recovered by judgment or compromise.

The difference between that case and the case at bar is the important one that in the Hoffman case there had been a consideration received by the client, and the attorney was clearly entitled to one-half thereof, while in the present case, according to the evidence and findings, no consideration was received by the defendant, and the sum sought to be recovered is not based upon any amount received by the defendant as the basis of compensation provided by the contract of employment. In the Hoffman case no recovery was sought by the attorney because of the dismissal of the case by the client, but recovery was sought because of the compromise made, and for one-half of the amount secured by the compromise, which was the agreed fee of the attorney under the written contract. In the present case the recovery is for a penalty for dismissing the suit without the consent of the attorney.

The question involved here was discussed in the case *In re Snyder*, 190 N. Y. 66, [123 Am. St. Rep. 533, 13 Ann. Cas. 441, 14 L. R. A. (N. S.) 1101, 82 N. E. 742], in which it is said:

"In other states an abundance of authority is to be found for the doctrine that a clause prohibiting the client from making a settlement of his litigation without the consent of his attorney is void as against public policy. (*Huber* v. *Johnson*, 68 Minn. 74, [64 Am. St. Rep. 456, 70 N. W. 806]; *North Chicago etc. R. Co.* v. *Ackley*, 171 Ill. 100, [44 L. R. A. 177, 49 N. E. 222]; *Lewis* v. *Lewis, Admx.*, 15 Ohio, 715, 716; *Key* v. *Vattier*, 1 Ohio, 132; *Davis* y. *Webber*, 66 Ark. 190, [74 Am. St. Rep. 81, 45 L. R. A. 196, 49 S. W. 822].)

"The clause in the contract fixing the value of the services at a certain percentage of the recovery was connected with the provision that the attorneys should have a voice in any settlement and in determining the amount of any recovery by that process. The two clauses are manifestly part of a single plan. Therefore, when the client takes advantage of the invalidity of one clause and repudiates it, the other one cannot stand alone but must fall with it, and the result of this again is to permit the attorneys to recover for the services which they have actually rendered according to their real value and independent of the original provision in the

contract upon this subject. (*Davis* v. *Webber, supra; Gammons* v. *Johnson,* 69 Minn. 488, [72 N. W. 563]; *Stearns* v. *Felker,* 28 Wis. 594.)''

In the present case the defendant testified that he had become convinced that the actions instituted by his attorney were without merit, and that he had no evidence to establish his right to a recovery therein, and it was for these reasons that he had dismissed the actions. A similar situation was considered in the case of *Andrews* v. *Haas Bros.,* 214 N. Y. 255, [108 N. E. 423], where the court said: ''The employment of a lawyer to serve for a contingent fee does not make it the client's duty to continue the lawsuit and thus increase the lawyer's profit. The lawsuit is his own. He may drop it when he will. Even an express agreement to pay damages for dropping it without his lawyer's consent would be against public policy and void. (*Matter of Snyder,* 190 N. Y. 66, 69, [123 Am. St. Rep. 533, 13 Ann. Cas. 441, 14 L. R. A. (N. S.) 1101, 82 N. E. 742].) The law will not imply an agreement which would be illegal, if it were express. It will not, under the coercion of damages, constrain an unwilling suitor to keep a litigation alive for the profit of its officers. (*Tenney* v. *Berger,* 93 N. Y. 524, [45 Am. Rep. 263]; *Matter of Dunn,* 205 N. Y. 398, 402, [Ann. Cas. 1913E, 536, 98 N. E. 914]; *Nutt* v. *Knut,* 200 U. S. 13, 21, [50 L. Ed. 348, 26 Sup. Ct. Rep. 216, see, also, Rose's U. S. Notes]; *Mesa County Nat. Bank* v. *Berry,* 24 Colo. App. 487, [135 Pac. 129].) The notion that such a thing is possible betrays a strange misconception of the function of the legal profession and of its duty to society. When the defendants abandoned the action, they became liable to the plaintiff for the value of the services then rendered. That is the measure of their liability and of his right.''

We have been cited to other cases containing similar statements and intimations. However, appellant urges upon our attention that the attorney in the present case performed services in the preparation and filing of the complaints and in making a trip from Los Angeles to Bakersfield for a conference with the defendants in the action filed; that after the performance of these services he was discharged by the client and the actions dismissed, and that he is entitled to one thousand dollars as a not unreasonable estimate of the value of such services in the event of such a dismissal of the ac-

tions. A recovery under such circumstances may be secured in an action for damages for breach of contract, upon a proper showing, or in an action upon *quantum meruit,* under the cases herein discussed. (See, also, 6 Corpus Juris, sec. 321, p. 745; *Swinnerton* v. *Monterey Co.,* 76 Cal. 114, [18 Pac. 135].)

[1] In a suit to recover a fixed penalty provided for by the contract in the event of a dismissal of the actions by the client, the ruling of the trial court that the provision of the contract relied upon was against public policy and void is correct. The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.