No. 10,027.

GLENN v. MITCHELL, ET AL.

Decided May 1, 1922. Rehearing denied June 5, 1922.

Petition to vacate an order admitting a will to probate. Judgment for defendants.

*Reversed.*

1. STATUTES—*Construction.* Section 7096, R. S. 1908, regarding the probate of wills, involves no question of jurisdiction, it is merely regulatory.

2. COURTS—*County Court—Jurisdiction.* County courts are courts of record having general jurisdiction which is unlimited in the determination of matters growing out of the settlements of estates.

3. *Power to Revoke Probate of Will.* The county court as a court of probate, may, on proper grounds, revoke the probate of a will.

4. LIMITATIONS—*Statutes—Construction.* A statute of limitations should not be applied to cases not clearly within its provisions.

5.  WORDS AND PHRASES—*"Determined"*, in a judicial proceeding, means adjudicated on an issue presented.

6.  STATUTES—*Limitation—Construction.* Section 7096, R. S. 1908, concerning the probate of wills and conclusiveness thereof, construed, and held not to bar an action, commenced after the one year period, to vacate an order admitting a will to probate, it being alleged that the execution of the will was induced by fraud and misrepresentation.

7.  FRAUD—*Judgment—Attack.* The right to make a direct attack upon a judgment obtained by fraud, is not to be denied.

*Error to the County Court of the City and County of Denver, Hon. Ira C. Rothgerber, Judge.*

Mr. N. WALTER DIXON, Mr. THOMAS J. DIXON, for plaintiff in error.

Messrs. DINES, DINES & HOLME, Messrs. LEWIS & GRANT, Mr. WALTER M. APPEL, for defendants in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error on November 14, 1918, filed her petition in the county court to vacate an order entered November 22, 1915, admitting to probate the will of Dennis Sullivan, deceased.

It is alleged in the petition that the testator had executed a will in 1913, whereby the petitioner and her sister were made residuary legatees of the estate of said Sullivan; that thereafter the said John C. Mitchell, and others associated with him, by fraud and misrepresentation, induced the said Sullivan to make a new will whereby the said John C. Mitchell, as residuary legatee, received the bulk of the estate of the said testator, while the petitioner and her sister received but a small legacy each.

A demurrer to the petition was sustained, the petitioner elected to stand upon her petition, and judgment was entered in favor of the defendants.

Counsel agree that the demurrer was sustained under

the provisions of section 7096, R. S. 1908, but differ as to the real ground of the court's ruling.

For plaintiff in error it is contended that the court held the suit barred by the statute, because not begun within one year from the order of probate, while counsel for defendants in error insist that the only question raised under the statute, and determined by the court, was that of jurisdiction. Said statute reads as follows:

"In all actions wherein the execution or contents of any last will may be brought in question, the record of the probate of such will, or an exemplified copy of such record, shall be conclusive proof of the execution and also of the legality and validity of the contents thereof, in so far as the same were determined at the probate, both as against the persons summoned and appearing at the probate thereof and as against all other persons; *Provided,* That any heir at law, legatee, devisee, or other person interested to prove or contest the said will, who was not summoned by actual service of process, and who did not appear at the probate of such will, may at any time within one year after the admitting of such will to probate, appear in the county court of the county wherein such will was presented for probate, and contest the validity of such will, or propound the same for probate as in an original proceeding for probate; but if no such person shall appear within the time aforesaid, the probate, or refusal thereof, shall be forever binding and conclusive on all the parties concerned saving to infants, or persons *non compos mentis,* the like period after the removal of their respective disabilities."

Counsel for defendant in error assert that this statute is so like the Illinois statute on the same subject that a construction of the latter statute by the supreme court of Illinois determines this case. They cite *Luther v. Luther,* 122 Ill. 558, 13 N. E. 166, a case in which a will was attacked on the ground that the testator was induced by fraud to make it. We do not agree with counsel either that the laws are similar, or that the Illinois case is au-

thority on the question now before us.

The Illinois statute provided that, if within three years of the probate of a will in the county court, a contest thereof was begun in the county court by a bill in chancery, an issue of law should be made up and tried by a jury in the circuit court.

In the case cited the court held that, inasmuch as the general jurisdiction of courts of equity does not, independent of statute, extend to the probate of wills, or the setting aside of wills, the statute in question gave to the circuit court jurisdiction only for the period limited by its terms; that of contest begun after the lapse of the three years after probate, the circuit court had no jurisdiction.

The situation here is very different. The county court is given jurisdiction of probate matters by section 23 of article VI of the Constitution, and the statute now under consideration involves no question of jurisdiction. It is merely regulatory, determining the period in which an order of probate may be attacked, under circumstances named, and the conclusiveness of such probate, if not so questioned.

Our county courts are courts of record, and "of superior or general authority." *Hughes v. McCoy*, 11 Colo. 591, 19 Pac. 647. They have the powers incident to such courts, including the right to vacate judgments obtained by fraud.

In *Lusk v. Kershow*, 17 Colo. 481, 30 Pac. 62, speaking of the county court, it is said:

"It is a court of general jurisdiction, and this jurisdiction is unlimited in the determination of matters growing out of the settlement of estates."

In *Clemes, Adm'r v. Fox*, 25 Colo. 39, 53 Pac. 225, this court said:

"Whatever may be the law in England, or in other states of the Union, we are clearly of the opinion that, under our Constitution and statutes, the county court, in all matters pertaining to probate business, has as ample

powers and as full jurisdiction with respect thereto as have the district courts of this state over matters within their jurisdiction. Constitution art. VI, sec. 23; Mills' Ann. Stats. sec. 1054; *Schlink v. Maxton,* 153 Ill. 447."

This power is recognized in other jurisdictions as belonging to county courts generally, and as courts of probate.

*In the Matter of the Estate of Fisher,* 15 Wis. 511, it is expressly held that:

"The county court, sitting as a court of probate, may, at any time, in furtherance of justice, revoke an order which has been irregularly made or procured by fraud."

In *Marston v. Wilcox,* 1 Scam. 60, the supreme court of Illinois held that the circuit court erred in reversing a court of probate which had revoked letters of administration obtained by fraudulent representations. The court said that if letters be obtained by a fraudulent representation, to inquire whether any fraud has been practiced is a necessary incident to the court's right to hear and determine questions arising upon administration.

In *Wright v. Simpson,* 200 Ill. 56, 65 N. E. 628, it is held that an order of probate of a will, made in fraud of a party interested, may be set aside after the term. The court said:

"Upon proof of fraud or collusion in the procurement of a judgment, such judgment may be vacated at any time."

In *Adams v. Adams,* 21 Vt. 162, it is said that a probate court has the power, and it is its duty, upon proof of fraud, accident or mistake in the entry of an order, to set such order aside.

In *Worthington v. Gittings,* 56 Md. 542, the court, while affirming an order of the orphan's court denying an application to vacate the probate of a will, said:

"From what we have said, however, it must not be inferred that parties interested may not impeach the probate for fraud and collusion in obtaining it, and, upon making it clearly to appear that it was so obtained, to

have it revoked.   The law so abhors fraud that it is tolerated in no form or character of judicial proceeding.
'Fraud is an extrinsic, collateral act,' says Lord Chief Justice De Grey, in delivering the opinion in the *Duchess of
Kingston's* case, 2 Sm. L. Cas., (4th Am. Ed.,) 508, 'which
vitiates the most solemn proceedings of Courts of justice.
Lord Coke says, it avoids all judicial acts, ecclesiastical or
temporal.'   *   *   *   And that revocation of the probate
of a will may be obtained, upon showing fraud or collusion
in procuring the probate, though it be taken in solemn
form, is abundantly established by authority.   1 Wms.
on Ex'rs, (3rd Am. Ed.,) 473.   But in order to procure
such revocation, it must be by direct application for that
purpose, and the fraud or collusion, with all the particulars, must be distinctly charged."

It must, then, be regarded as settled that the county
court, as a court of probate, may, on proper grounds, revoke the probate of a will.   Except, therefore, for the statute in question, there would be no doubt of the petitioner's
right to have her cause determined on the facts alleged.
Does this section, as a statute of limitation, bar this suit?

"It is a familiar principle that a statute of limitations
should not be applied to cases not clearly within its provisions."   25 Cyc. 990.

Applying it according to the plain import of its terms
it cannot be said to bar this suit.   It applies "in all actions
wherein the execution or contents of any last will may be
brought in question."   No question is here made that the
will was not executed as required by the law, nor is it
claimed that its contents render it invalid.   The purpose
of the statute is further indicated by the fact that by
it an order of probate is made conclusive proof, not of
all questions which may arise concerning the will, but
only of its "execution," and "the legality and validity" of
its contents, and that, only *"so far as the same were determined at the probate."*   Observe that it is not the validity of the will in all repects, which is thus established.
The closing words, which make the probate binding upon

all persons, must be read in connection with this parenthetical clause, and be limited in scope by it.  Unless it does thus limit the matters which may be conclusively established, it has no meaning at all, and the rules of construction require us to give it a meaning.  The contents of a will include the terms used in it, and it cannot be said that the legality and validity of the contents are determined when there was no question raised as to them.  By the express language of the section, they are established only when they have been *determined,* and determined in a judicial proceeding, means adjudicated on an issue presented.  Manifestly the object of the law makers in enacting this statute was to prevent repeated litigation of the same issues.  It indicates no purpose to abrogate established rules under which rights are protected.  This view is sustained by section 7097, R. S. 1908, which provides that:

"If, upon the probate of a later will, or upon rehearing in the county court, or upon appeal or otherwise, it shall be judicially determined that any writing theretofore admitted to probate, is not the last will of decedent, the probate of such writing shall forthwith be revoked, * * * ."

We find nowhere in the statutes any statement as to what shall be sufficient grounds for a rehearing, nor any specification of the time within which a rehearing may be granted.  Those questions must, therefore, be determined upon grounds recognized by the rules of law.  This section may be regarded as a legislative construction of the section preceding it.

The one year period of limitation does not apply to those who were summoned and appeared.  There is, therefore, no provision for a contest by such parties after probate, and upon the theory of counsel for defendants in error, the probate becomes conclusive, though obtained by fraud.  In the absence of language clearly expressing such a purpose, we cannot so construe the law.  To deny the right to make a direct attack upon a judgment ob-

tained by fraud would be shocking to every thinking person.

The complaint sets out in considerable detail the various acts of defendant Mitchell, which, it is charged, were intended to and did mislead the testator and induce him to make this will. We are of the opinion that the complaint states a cause of action.

For the reasons above stated the judgment is reversed, and the cause remanded for further proceedings in harmony with the view herein expressed.

MR. JUSTICE BURKE dissents.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE DENISON not participating.