[Civ. No. 5388.   First Appellate District, Division One.—November 4, 1925.]

## COLMA VEGETABLE ASSOCIATION (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] ATTACHMENT—RELEASE BOND—MOTION FOR SUBSTITUTION—JURISDICTION—PROHIBITION.—By virtue of section 1057 of the Code of Civil Procedure the superior court is expressly vested with jurisdiction to entertain and to grant a motion for substitution of a new bond for the bond originally given to secure the release of attached property; and an erroneous decision on such motion is but an error in the exercise of its jurisdiction, the commission of which may not be restrained by a writ of prohibition.

[2] ID.—REMEDY BY APPEAL—PROHIBITION.—Even though a question of jurisdiction be involved in the determination of a motion for substitution of a new bond for the bond originally given to secure the release of attached property, a writ of prohibition will not lie if an appeal affords a complete and adequate remedy and will accomplish the same ends.

[3] ID.—SUBSTITUTION OF ATTACHMENT BOND—FINAL JUDGMENT—APPEAL.—Any adverse order made on a motion for substitution of a new bond for the bond originally given to secure the release of attached property is a "final judgment," as said term is used in section 963 of the Code of Civil Procedure, and therefore appealable; and such order may not be reviewed upon an appeal from the final judgment in the action.

[4] ID. — APPEAL — PARTIES AGGRIEVED — STAY BOND.—Either the plaintiff or the sheriff, if they be the parties aggrieved by an order of the superior court granting a motion for the substitution of a new bond for the bond originally given to secure the release of attached property, have the right of appeal from such order, and, upon taking such appeal, may give a stay bond, so

---

2.   Availability of writ of prohibition as affected by existence of other remedies, notes, 9 L. R. A. 58; 3 L. R. A. 57; Ann. Cas. 1913D, 594; 18 Ann. Cas. 263; 1 Ann. Cas. 713; 12 Am. Dec. 608; 111 Am. St. Rep. 960. See, also, 21 Cal. Jur. 586; 22 R. C. L. 9.

3.   See 2 Cal. Jur. 144.

as to prevent the surrender of the original bond held by the sheriff and thus protect the interests of all parties concerned until the appeal is heard and determined.

---

(1) 6 C. J., p. 175, n. 97; 32 Cyc., p. 617, n. 18.   (2) 32 Cyc., p. 614, n. 2.   (3) 3 C. J., p. 451, n. 8.   (4) 3 C. J., p. 451, n. 8, p. 1105, n. 47.

PROCEEDING in Prohibition to prevent the Superior Court of the City and County of San Francisco and George H. Cabaniss, Judge thereof, from ordering the substitution of personal for surety bond. Petition denied.

The facts are stated in the opinion of the court.

Harry H. Baier for Petitioner.

Howard Harron for Respondents.

KNIGHT, J.—This is an application for a writ of prohibition. The material facts alleged in the petition and in the affidavit attached thereto are not disputed, and may be stated as follows:

The petitioner, Colma Vegetable Association, a corporation, brought suit in the superior court in and for San Mateo County to recover from G. Bonetti and G. Bonetti and Company, a copartnership, the sum of $1,000 as liquidated damages for the alleged breach of a marketing agreement. A writ of attachment was issued and directed to the sheriff of the city and county of San Francisco for service. Pursuant to said writ an automobile truck belonging to said defendants was attached by said sheriff, and thereupon, but prior to the return of said writ or the appearance of the defendants in said action, said defendants, availing themselves of the provisions of section 540 of the Code of Civil Procedure, caused to be delivered to and deposited with said sheriff a bond or undertaking in the principal sum of $1,500, executed by the Royal Indemnity Company, a corporation, as surety, which bond or undertaking, it is alleged, was "accepted by the said sheriff after approval by the court pursuant to section 540" of said code, and the property seized by virtue of said writ, which is alleged to be of a value greater than $1,000, was thereupon released from said attachment. The trial of the action followed,

and on July 28, 1925, the trial court announced its decision awarding damages in favor of plaintiff for the sum of $500 only. At the time this proceeding was instituted findings in the action had not been made and judgment had not been entered. On August 14, 1925, defendants served notice that they would move the superior court in and for the city and county of San Francisco, department three thereof, "for an order directing the substitution of a personal bond in lieu and place of the bond of the Royal Indemnity Company." Said motion was heard on August 21, 1925, petitioner appearing therein and objecting to the proceeding upon the ground "that said court had no jurisdiction to entertain, pass upon or grant said motion." The petitioner avers that said court overruled said objection and "announced in open court" that the motion would be granted. It does not appear, however, that the order granting said motion has ever been made or entered. In the supporting affidavit filed with defendants' notice of motion for the substitution of said bond, it is set forth that at the time defendants procured said indemnity company to qualify and act as surety on said bond they deposited with said indemnity company the sum of $1,500 in cash, which deposit defendants now desire to withdraw "and have said bond cancelled and annulled, and in lieu thereof a personal bond in the sum of Fifteen Hundred ($1,500) Dollars substituted therefor"; and in this connection petitioner alleges that "the said surety company, upon the substitution of said bond, will return to the defendants the said collateral security, and the bond heretofore executed by the said Surety Company will be returned to the said Surety Company and will be cancelled, annulled, lost and destroyed."

It is the contention of petitioner that the jurisdiction of a superior court, or of a judge thereof, in regard to a bond given upon release of an attachment, is limited by statute to the acts of approving said bond (Code Civ, Proc., sec. 540; *Ayres* v. *Burr*, 132 Cal. 125 [64 Pac. 120]), and of requiring a new bond to be given if it appears "to the satisfaction of the court that any surety upon such undertaking has for any reason become insufficient" (Code Civ. Proc., sec. 1057); that since it is not claimed by the moving party herein that the surety on said bond has become insufficient, the court is without jurisdiction to entertain a motion or

to grant an order for the substitution of the bond for any other purpose.

We are of the opinion that whether the proceeding which the petitioner seeks to arrest is or is not without or in excess of the jurisdiction of said court, the writ of prohibition herein applied for ought not to issue for the reason that the petitioner has a plain, speedy, and adequate remedy by appeal from any order the court may make by which it would be injuriously affected.

[1] By virtue of section 1057 of said Code of Civil Procedure the superior court is expressly vested with jurisdiction to entertain and to grant a motion for substitution of a new bond upon certain grounds. Its authority therefore to decide such a motion correctly or incorrectly is beyond question. Assuming then, as petitioner contends, that said court intends to and will decide such motion erroneously, it follows that its action in that respect would amount to no more than error committed in the exercise of its jurisdiction (*Department of Public Works* v. *Superior Court,* 197 Cal. 215 [239 Pac. 1076]), and it is well settled that a writ of prohibition is not available to restrain the commission of error (*Van Hoosear* v. *Railroad Commission,* 189 Cal. 228 [207 Pac. 903]; High on Extraordinary Remedies, sec. 772). [2] As above suggested, even though a question of jurisdiction be involved in the determination of such motion, the writ will not lie if an appeal affords a complete and adequate remedy and will accomplish the same ends (*Glougie* v. *Superior Court,* 169 Cal. 675 [147 Pac. 972]; *Lindley* v. *Superior Court,* 141 Cal. 220 [74 Pac. 765]; *Jacobs* v. *Superior Court,* 133 Cal. 364 [85 Am. St. Rep. 204, 65 Pac. 826]; *White* v. *Superior Court,* 110 Cal. 54 [42 Pac. 471]; *Agassiz* v. *Superior Court,* 90 Cal. 101 [27 Pac. 49]; *Johnson* v. *Superior Court,* 4 Cal. App. 90 [87 Pac. 211]).

[3] That petitioner has such right of appeal from any adverse order that might be made in the determination of said motion is quite certain. Section 963 of said Code of Civil Procedure, in declaring when an appeal may be taken, provides in part: "An appeal may be taken from a superior court in the following cases: 1. From a final judgment entered in an action, or special proceeding, commenced in a superior court, or brought into a superior court from another court." The term "final judgment," as used in said section, is not limited, however, to final

judgment in the action, or to the last judgment necessarily rendered therein (*Sharon* v. *Sharon,* 67 Cal. 185 [7 Pac. 456, 8 Pac. 709]). "It applies also to a final determination of a collateral matter distinct from the general subject of litigation, affecting only the parties to the particular controversy and finally settling the same" (2 Cal. Jur., p. 144, and authorities therein cited; *Cline* v. *Superior Court,* 35 Cal. App. 150 [169 Pac. 453]). "A judgment that is conclusive of any question in a case is final as to that question. The code provides for an appeal from *a* final judgment, not from *the* final judgment in the action" (*Sharon* v. *Sharon, supra*). If the order requires the doing of some act by or against the aggrieved party, and is not merely conditional or interlocutory in its nature nor one that may be reviewed with or as a part of the final judgment in the action, and is made in a collateral proceeding which finally disposes of the matter there in controversy, the order is in effect a final judgment and therefore appealable (*Title Ins. and Trust Co.* v. *California Development Co.,* 159 Cal. 484 [114 Pac. 838]; *Hildebrand* v. *Superior Court,* 173 Cal. 86 [159 Pac. 147]; *City of Los Angeles* v. *Los Angeles Water Co.,* 134 Cal. 121 [66 Pac. 198]; *Cline* v. *Superior Court, supra; Sharon* v. *Sharon, supra*). The order that might be made in the instant proceeding would not become a part of the judgment-roll (Code Civ. Proc., sec. 670). And a bond such as we have here under consideration is not given alone for the protection of the sheriff, but constitutes a contract in which the parties to the action are beneficially interested. (*Ayres* v. *Burr,* 132 Cal. 125 [64 Pac. 120].) The granting of the motion herein for the substitution of the bond would therefore have the effect of finally determining certain legal rights and obligations of these parties, arising out of said bond, which are not subject to adjudication in the trial of the action itself, and, consequently, could not be reviewed upon an appeal from any judgment which might be rendered therein. [4] In view of that situation and having in mind the authorities hereinabove cited, it would seem obvious that either the petitioner or the sheriff (*Cline* v. *Superior Court, supra*), if they be the aggrieved parties, would have the right of appeal from any adverse order the court may choose to make in the premises, and, upon taking such appeal, may give a stay bond (sec. 943, Code Civ.

Proc.), so as to prevent the surrender of the bond now held by the sheriff and thus protect the interests of all parties concerned until the appeal is heard and determined.

The alternative writ is discharged and the petition is denied.

Tyler, P. J., and Cashin, J., concurred.