[Civ. No. 10618.  First Appellate District, Division One.—November 14, 1938.]

JOSEPH TRACY et al., Plaintiffs; MARION TRACY, Appellant, v. PETER A. MacINTYRE, Defendant; ALBERT J. McGUIRE, Respondent.

146

Joseph A. Brown and A. E. Cross for Appellant.

Albert J. McGuire, *in pro. per.*, and Jerome L. Schiller for Respondent.

GRAY, J., *pro tem.*—Respondent, as attorney for plaintiffs, commenced the above-entitled action to recover from defendant, damages for personal injuries alleged to have been received by plaintiff Marion Tracy because of defendant's negligent operation of his automobile. After the case was at issue but before it had been set for trial, Marion Tracy, upon notice to the defendant and the respondent, moved the court for an order substituting another attorney in place of respondent upon the ground, supported by her affidavit, that he had refused her request for such substitution. In reply, by affidavit, respondent stated plaintiffs had employed him under an agreement to pay, for his services, a percentage of all monies recovered and that to date he had performed specified services and prayed that the court, in accordance with section 284 of the Code of Civil Procedure, determine the amount and terms of payment of the fee or compensation to be paid him by plaintiffs upon an order of substitution. In a counteraffidavit Marion Tracy differed as to the services performed, denied any agreement as to respondent's fee and particularly that he was to receive any percentage of the recovery but, inconsistently, prayed the court to fix a proportionate amount of the recovery to be paid respondent, when collected. After a hearing upon the affidavits, the court found that the fees to be paid respondent for his services were contingent upon the recovery of money by plain-

tiffs in the action and that the sum of $100 was a reasonable fee to be paid respondent for his services rendered to plaintiffs in the action. Its order awarded this sum to respondent as his compensation for such services, payable forthwith, ordered the substitution of attorneys upon its payment by plaintiffs to respondent, and directed entry of judgment in favor of respondent and against plaintiffs in this amount. Marion Tracy appeals from the order, which she correctly denominates a judgment.

Appellant contends that the order exceeded the authority conferred by said section 284, in that it awarded a cash fee, payable forthwith, granted a substitution of attorneys conditional upon payment of this fee and directed the entry of judgment for its amount. To support this contention she argues that since section 1021 of the Code of Civil Procedure leaves the amount of an attorney's fee to an agreement of the parties, section 284 of the same code must be construed as merely authorizing the court to determine what part of the whole contingent fee agreed upon by the attorney and his client has been earned prior to substitution, and to provide for its payment, in accordance with their agreement, out of monies recovered. As will appear, such construction is so impractical in its operation and unjust to the attorney in its consequences that it should not be indulged unless required by the language of the section. (23 Cal. Jur. 767.) ▇ An attorney who is discharged before fulfilling the services which he had agreed to perform for a contingent fee, may recover as damages the reasonable value of services actually rendered. This right he may enforce in an independent action, irrespective of section 284. (*Hall* v. *Orloff,* 49 Cal. App. 745 [194 Pac. 296] ; *Ayres* v. *Lipschutz,* 68 Cal. App. 134 [228 Pac. 720] ; *Neblett* v. *Getty,* 20 Cal. App. (2d) 65 [66 Pac. (2d) 473].) It is logical, therefore, to interpret the section in a manner which will not diminish this right but will provide an additional remedy for its enforcement. (23 Cal. Jur. 768.)

▇ While a client may cancel the retainer contract by an arbitrary discharge of his attorney, he must abrogate the contract in its entirety and not in part. Since such cancellation destroys the provision maturing the fee upon the

happening of a contingency, the attorney is not required to await the outcome of the litigation but may immediately sue for the reasonable value of his services. (*Matter of Tillman*, 259 N. Y. 133 [181 N. E. 75].) It would be improper, therefore, upon this application to fix compensation for services actually rendered to date upon any consideration of the future course of the litigation. (*Such* v. *Bank of State of New York*, 121 Fed. 202.) An attorney and client, in entering into a contingent agreement, do so upon the basis of the former's character, learning, skill and experience (*Matter of Tillman, supra*), and upon the implied condition that the former will try the case. (*Wilkinson* v. *Tilden*, 14 Fed. 778.) But, after substitution, another attorney, possessing different qualifications, would try the action. Therefore, to compensate the original attorney by allotting to him a share in a judgment recovered by his successor, would be to measure, in a manner not contemplated by the agreement, the value of his services by the result attained by his successor. (*Matter of Tillman, supra.*) If the lesser ability of his successor resulted in a judgment smaller than he would have obtained, he would, by sharing in such judgment, be underpaid. (*Application of Krooks*, 257 N. Y. 329 [178 N. E. 548].) And if, because of the successor's incompetency, no judgment was obtained, the original attorney would receive nothing for his labor. (*New York Phonograph Co.* v. *Edison Phonograph Co.*, 150 Fed. 233.) The attorney of record has exclusive and complete control and management of the litigation, including its dismissal and time of trial. (*Board of Commrs.* v. *Younger*, 29 Cal. 147 [87 Am. Dec. 164].) Upon substitution of attorneys, such control passes from the original attorney to his successor, who could dismiss the action or fail to bring it to trial. Hence it is unreasonable to rest an attorney's compensation upon the outcome of a trial which may never occur. (*Gordon, Huffaker & Garnett* v. *Morrow*, 186 Ky. 713 [218 S. W. 258].)

■ "The attorney in an action . . . may be changed at any time . . . as follows: 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other except that in all civil cases in which the fee or compensation of the attorney is contingent

upon the recovery of money, in which case the court shall *determine* the *amount* and *terms* of payment of the fee or compensation to be paid the party.'' (Code Civ. Proc., sec. 284.) (Italics ours.) The italicized words define the court's power in ordering the substitution of an attorney employed for a contingent fee. ''Determine'' means to decide, to adjudge (*Edwards* v. *Hellings,* 99 Cal. 214 [33 Pac. 799]), to adjudicate (*Glenn* v. *Mitchell,* 71 Colo. 394 [207 Pac. 84]), to come to a decision, to decide on after investigation, to perform a judicial act, to settle by judicial sentence. (*Smith* v. *Board of Education,* 174 Ga. 735 [164 S. E. 41].) ''Amount'' is synonymous with value in money (*People* v. *Hines,* 5 Cal. App. 122 [89 Pac. 858]), and ''terms'' with conditions. (*People* v. *J. J. Beekman & Co.,* 347 Ill. 92 [179 N. E. 435]; *Yazoo & M. V. R. Co.* v. *Scott,* 108 Miss. 871 [67 So. 491, Ann. Cas. 1917E, 880, L. R. A. 1915E, 239].) It is clear, therefore, that the language of the exception authorized the court, as it did in the order, to judicially decide the value in money of respondent's services, and to fix the conditions as to the time of payment. The present order is in legal effect a judgment, for it is a final determination of the rights of the parties as the result of adversary proceedings in which issues were framed and the parties were given an opportunity to present their contentions on the merits. (*Merritt* v. *Superior Court,* 93 Cal. App. 177 [269 Pac. 547].) It is none the less a final judgment although it finally determined a collateral matter distinct from the general subject of the litigation and affected a stranger to that litigation and but one of the parties thereto. (*Adams* v. *Woods,* 18 Cal. 30; *Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753 [96 Pac. 803]; *Colma Vegetable Assn.* v. *Superior Court,* 75 Cal. App. 91 [242 Pac. 82].) Unless it is a final judgment this appeal will not lie. (Code Civ. Proc., sec. 963.) The court, therefore, correctly considered its order a judgment and ordered its entry as such.

Appellant further claims that if the trial court's construction of the exception set forth in the second subdivision of section 284 is correct, such exception is unconstitutional for the reasons stated in *Cassel* v. *Gregori,* 28 Cal. App. (2d) (Supp.) 769 [70 Pac. (2d) 721]; that it confers

privileges upon an arbitrarily selected class of attorneys, in violation of section 11 of article I of the state Constitution requiring laws to have a uniform operation, and that it denies a jury trial as guaranteed by section 7 of the same article. However, since appellant by her motion and the prayer of her affidavit has invoked the court's power granted by the exception, she cannot now question its constitutionality. (*Foster* v. *Superior Court,* 26 Cal. App. (2d) 230 [79 Pac. (2d) 144].)

Although the plaintiff Joseph Tracy was not notified as to appellant's motion and did not appear or participate in its hearing, judgment was entered against him as well as against the appellant. As appellant urges, the judgment is void as against him for lack of jurisdiction but such invalidity does not affect the remainder of the judgment as to her. (*Cellulose Package Mfg. Co.* v. *Calhoun,* 166 Cal. 513 [137 Pac. 238].) Such judgment is not vitiated as to appellant because it was also entered against her coplaintiff. (*Kelly* v. *Bandini,* 50 Cal. 530.)

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.