### In re BERGSTROM & CO.

(Supreme Court, Appellate Division, First Department. April 23, 1909.)

ATTORNEY AND CLIENT (§ 182*)—LIENS—PAPERS SUBJECT TO.

    An attorney has no lien for his fees on copies of the printed record on an appeal to the Court of Appeals, which under the rules must be filed in court, and which have been delivered to and received by him for that purpose.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 399, 403; Dec. Dig. § 182.*]

Appeal from Special Term, New York County.

Oscar B. Bergstrom, for appellants.
John R. Delafield, for respondent.

INGRAHAM, J. The papers of which the petitioners sought to obtain possession consisted of the printed record of a case on appeal to the Court of Appeals; the petitioners being parties to the action in which the appeal was pending. The petition alleges that the petitioners were defendants in an action pending in the Supreme Court of Kings county wherein one Ridgeley was the plaintiff. One of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

petitioners, being an attorney of this court, was the attorney of record for the defendants in that action; but Mr. Norman had appeared for the petitioners as counsel. That action was tried, and resulted in a judgment being rendered against the petitioners, which was affirmed by the Appellate Division in the Second Department, and from the decision of the Appellate Division an appeal was taken to the Court of Appeals, which appeal was still pending; that the case on appeal was printed by the petitioners, and the expense paid by them, and 30 copies of the record were delivered to Mr. Norman for the purpose of filing the same with the clerk of the Court of Appeals, the time to file which expired on the 1st of February, 1909; that Mr. Norman had not filed the copies of the record with the Court of Appeals, and had been requested to deliver them to the petitioners to be filed, or to file the same, in the Court of Appeals, but refused to comply with the demand; and the prayer of the petitioners was that Mr. Norman be required to immediately deliver the copies of the printed cases on appeal to the petitioners.

It appeared that on January 7th Norman wrote to the petitioners, stating that he had received a letter from the Court of Appeals that the brief must be filed by February 1, 1909, but, as the petitioners had refused to advance the necessary money for printing and other disbursements, he refused to continue as petitioners' counsel and notified the petitioners of his withdrawal; but he refused, under the advice of his counsel, to deliver these printed records to enable the appeal to be perfected until the petitioners discharged the indebtedness claimed for legal services theretofore rendered. In answer to this application Norman submitted an affidavit stating that he had been retained by the petitioners in various legal proceedings and to act as counsel in the action referred to in the petition; admits having received from the petitioners various sums of money, aggregating $2,050; claims that the petitioners are indebted to him for legal services and disbursements in the sum of $4,950, in addition to the payments made, for which he has commenced three actions against the petitioners; and claims a lien upon these printed records in his possession. The expense of printing these records was borne by the petitioners, and they were delivered to Norman for the specific purpose of being filed with the clerk of the Court of Appeals, in order to make an appeal to that court effective.

Upon the withdrawal of Norman from any further connection with the litigation, his relation as attorney for the petitioners ceased; and, while he undoubtedly had a lien upon the papers and property of his clients in his hands for his legal fees, such a lien did not apply to copies of printed records, which were required to be filed in court, and which were received by the attorney for that purpose. They were not papers received by an attorney or counsel, to be retained by him to be used in the litigation, but were records required by the rules of the court to make an appeal effective, and which were printed by the petitioners for a particular use and delivered to the attorney to be applied to the purpose for which they were printed. When the attorney received them for that purpose, it was with an obligation to use them for the purpose for which they had been printed and for which they were delivered to him. A refusal by an attorney to per-

form this duty would be a violation of his duty to his client, which he could not justify by a claim that his charges for legal services had not been paid, and if, by retaining these records in his possession, the appeal would be rendered useless, an attorney would subject himself to a serious charge of professional misconduct, and might be liable for any damages sustained by reason of his default in preventing his client from prosecuting the appeal.

Whatever may be said as to the right of this attorney to retain possession of papers left with him by his client relating to the general litigation and professional relations between them, it is quite clear that it does not extend to records and papers which by the rules of the court have to be filed in court, and which have been delivered to the attorney and received by him for that purpose. This attorney, therefore, was bound by his professional duty to his client to see to it that these records were filed with the clerk of the Court of Appeals as required by its rules, and his refusal to either file them with the clerk or deliver them to the petitioners to be filed until his fees were paid was a breach of his professional obligation, and it was the duty of the court to enforce that obligation summarily.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to be paid by the attorney personally, and the attorney required, within five days after the service of this order, to deliver the printed records in his possession to the petitioners. All concur.

---

### In re BERGSTROM.

(Supreme Court, Appellate Division, First Department. April 23, 1909.)

Appeal from Special Term, New York County.

Application by Oscar B. Bergstrom for an order to A. Livingston Norman to deliver certain papers. From an order denying the application, petitioner appeals. Reversed, and application granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

