In the Matter of the Application of CELINE S. HOLLINS, as Executrix of FRANK C. HOLLINS, Deceased, Respondent, for an Order Directing JAMES H. HICKEY, an Attorney, Appellant, to Deliver Over Certain Papers.

Attorney and client — a payment on account of disbursements by the client, applied by the attorney to the expense of printing cases on appeal, does not deprive the attorney of his lien thereon — substitution of attorneys — when attorney entitled to have his lien ascertained and paid or secured.

Where an attorney receives property for a specific purpose he must carry out that purpose irrespective of any lien which he might have otherwise; but where an attorney has a lien for services, the fact that moneys were received by him on account of disbursements, and that he applied them to the expense of printing cases on appeal, does not deprive him of his lien on the printed cases, but he retains a lien thereon as well as upon all other papers in the suit, belonging to his client.

Where a substitution of attorneys is sought to be had by the client, and it does not appear that the attorney has done any act or been guilty of any omission prejudicial to his client, he is entitled to have the amount of his lien ascertained by the court or by a referee and to be paid or have security for the payment of such amount as shall eventually be deter-

mined to be justly due him before he can be compelled to turn over papers upon which he has a lien for services. (*Matter of Bergstrom & Co.*, 131 App. Div. 791, distinguished.)

*Matter of Hollins*, 135 App. Div. 918, reversed.

(Argued January 5, 1910; decided January 25, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 17, 1909, which affirmed an order of Special Term directing the appellant herein to turn over certain papers to the petitioner or to her attorneys.

The facts, so far as material, are stated in the opinion.

*James H. Hickey*, appellant, in person. An attorney has a general possessory lien on his client's papers. (*Matter of Knapp*, 85 N. Y. 284; *Matter of Wilson*, 12 Fed. Rep. 235; *U. S.* v. *Boyd*, 79 Fed. Rep. 858; *Jones* v. *Diefendorf*, 12 Wend. 261; *Schurtz* v. *Jenney*, 21 Hun, 33; *Cunningham* v. *Widing*, 5 Abb. Pr. 413; *Matter of Russell*, 1 How. Pr. 149; *Matter of H., an Attorney*, 87 N. Y. 521; *McPherson* v. *Cox*, 96 U. S. 404.) Payment should be made or a bond given before the client's papers are ordered turned over by an attorney, as surrender of the papers is a loss of the general possessory lien. (*Cunningham* v. *Widing*, 5 Abb. Pr. 413.) The papers were not delivered to the appellant for a specific purpose. (*West* v. *Bacon*, 164 N. Y. 425; *Matter of Larner*, 20 Wkly. Dig. 72; *Matter of Broomhead*, 5 D. & L. 52; *Davis* v. *Davis*, 90 Fed. Rep. 791.)

*Paris S. Russell* for respondent. The printed records, being in the hands of the attorney for the defined purpose of filing them, he cannot assert a lien for his services upon them. (*Matter of Bergstrom*, 131 App. Div. 791; *West* v. *Bacon*, 164 N. Y. 425; *Matter of Larner*, 20 Wkly. Dig. 73; Jones on Liens [2d ed.], 93, § 138; *Anderson* v. *Bosworth*, 15 R. I. 443; *Bracher* v. *Olds*, 60 N. J. Eq. 449; *State* v. *Lucas*, 24 Oreg. 168; *Matter of Broughton*, L. R. [23 Ch. Div.] 169.)

WILLARD BARTLETT, J.  This is a special proceeding to compel James H. Hickey to turn over certain papers upon which he claims a possessory lien as attorney.  These papers consist of the printed cases on appeal to the Court of Appeals in an action in which one Hans O. Swoboda was plaintiff and Frank C. Hollins and others were defendants.  Mr. Hickey was the attorney of record for Mr. Hollins in that litigation which he conducted up to the Appellate Division and through that court.  Pending an appeal which he took in behalf of Mr. Hollins to the Court of Appeals, Mr. Hollins died, and his executrix was duly substituted as a defendant, appellant, in the action at her own instance and upon the application of Messrs. Earle & Russell, her attorneys.  These gentlemen thereupon applied to Mr. Hickey to turn over to them or file the printed cases on appeal.  He declined to comply with the demand on the ground that he had a lien on the papers in his hands for a balance of $520.15 due him from Mr. Hollins for his services in the Swoboda suit.  The executrix of Mr. Hollins then presented a petition to the Supreme Court at Special Term, alleging upon information and belief that Mr. Hickey had been paid in full by her testator for his disbursements, and that the cost of printing the cases on appeal had been paid and discharged by the testator, so that Mr. Hickey had no lien thereon, and praying that the court would grant an order directing Mr. Hickey forthwith to turn over to her attorneys, Messrs. Earle & Russell, all the printed copies of the case on appeal which were in his possession.  Her application was granted, and the court made an order directing Mr. Hickey to turn over the cases on appeal accordingly. This order has been affirmed by the Appellate Division.

The memorandum filed by the learned judge who made the order at Special Term indicates that he acted upon the assumption that the cases on appeal were held by the attorney under a special agreement which freed them from the usual attorney's lien.  His citation of *Matter of Bergstrom & Co.* (131 App. Div. 791) shows this.  In that case the papers in controversy had been printed by the petitioners and paid for by

them, and had been delivered to counsel for the express purpose of filing the same with the clerk of the Court of Appeals. It is well settled that where an attorney receives property for a specific purpose he must carry out that purpose irrespective of any lien which he might have otherwise. ( *West* v. *Bacon*, 164 N. Y. 425.) In the Swoboda suit, however, nothing had occurred between Mr. Hickey, the attorney, and Mr. Hollins, his client, to differentiate the printed cases on appeal to the Court of Appeals from any other papers in that litigation so far as the attorney's lien was concerned. The mere fact that Mr. Hollins had sent Mr. Hickey $50 to be applied to the expense of printing those cases did not have the effect of discharging them from such lien. It was simply a payment on account of disbursements in the action and the circumstance that Mr. Hickey applied that particular sum to the expense of printing the cases did not obligate him to turn the papers over to a new attorney unless his claim for services was paid or secured. He retained a lien upon these cases as well as upon all other papers in the suit belonging to his client.

The existence of such a lien in behalf of the attorney has been recognized in this state from an early day. "Attorneys and solicitors," says Chancellor Kent, "as well as factors, have a general lien upon the papers of their clients in their possession, for the balance of their professional accounts; but the lien is liable to be waived or devested as to papers received under a special agreement or trust, where they take security from their client." (2 Kent's Commentaries [14th ed.], p. 640.) In *Matter of Knapp* (85 N. Y. 284), where the doctrine that an attorney had a right to retain his compensation from moneys collected by him was criticised by counsel, this court said: "On the contrary the general proposition that an attorney has a lien for his costs and charges upon deeds or papers, or upon moneys received by him on his client's behalf in the course of his employment, is not doubted, nor does it stand upon questionable foundations." (p. 293.)

So far as appears from the papers used upon the motion at Special Term the value of the services for which Mr. Hickey

claims a lien to the extent of $520.15 is not disputed, nor does it appear that he has done any act or been guilty of any omission prejudicial to the rights of his client. He merely objects to parting with the papers upon which the law gives him a lien until his claim shall be satisfied or secured in order that other attorneys may avail themselves of his labor in prosecuting an appeal without providing for his compensation. In our judgment he was entitled to have the amount of his claim ascertained by the court or by a referee and paid or to have security given for the payment of such amount as should eventually be determined to be justly due him before he could be compelled to turn over the papers in controversy.

The courts of this state have always been careful to compel attorneys to discharge the full measure of their obligations to their clients (*Matter of H., an Attorney*, 87 N. Y. 521, 525, 526), but as was intimated in the case cited there is as much justice in requiring a client to do his duty to the attorney as in compelling the attorney to respect the rights of the client. In the present proceeding we think it clear that the rights of the attorney demand a reversal of the order appealed from.

The order should be reversed and the motion denied, with costs in all courts.

CULLEN, Ch. J., VANN, WERNER, HISCOCK and CHASE, JJ., concur; EDWARD T. BARTLETT, J., absent.

Ordered accordingly.