In the Matter of the Application of The Niagara, Lockport and Ontario Power Company, Respondent, for an Order Directing John Pallace, Jr., an Attorney, Appellant, to Deliver over Certain Papers.

Attorney and client — when relation does not exist, summary proceedings to recover papers cannot be maintained.

1. The courts will not enforce ordinary contractual obligations not springing out of the relationship of attorney and client by a summary proceeding, even though the obligor happens to be an attorney.

2. Such a proceeding to compel an attorney to deliver documents, which he claims to hold under an attorney's lien for compensation for services, cannot be maintained where the moving party denies that it ever retained the attorney in connection with the proceedings which placed in his hands the documents sought to be recovered, and expressly alleges that his retainer and employment were by another corporation, and an order in such case requiring the attorney to deliver papers, on execution by the claimant thereto of an undertaking to pay him such fees as may be determined to be due, is unauthorized.

*Matter of Niagara, Lockport & Ontario Power Co.*, 143 App. Div. 919, reversed.

(Argued November 22, 1911; decided December 19, 1911.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 1, 1911, which unanimously affirmed an order of Special Term directing John Pallace, Jr., an attorney, to deliver to the petitioner certain documents, on execution by the latter of an undertaking in the sum of $20,000 conditioned to pay to the appellant "such sum as shall eventually be determined to be now justly due * * * by this petitioner on account of legal services performed or alleged by him to have been performed."

The order was made in a summary proceeding instituted by respondent to compel the appellant to deliver to it said documents which he claimed to retain by virtue of an attorney's lien for compensation for legal services. Amongst other facts, it is alleged in the petition on which

the proceeding was instituted that the respondent is a corporation engaged in the transmission and sale of electrical current; that it entered into a contract with another corporation, the Iroquois Construction Company, whereby the latter, amongst other things, agreed to construct and equip certain transmission lines and to procure rights of way and franchises to operate said lines; that in performing said contract said construction company directly or indirectly retained the appellant " to perform certain legal services for it in and about making the application for and procuring said franchises," and said appellant made various applications and obtained grants of various franchises and it was his duty to file with the proper official one of the duplicate originals of the instruments conveying said franchises; that notwithstanding such duty he took from the files of the office of said company and carried away various instruments granting franchises and " now holds and retains all of said franchises, claiming a lien thereon for legal services rendered," although he has received a large amount of money from said construction company which has refused to pay him for his services until he accounts for such receipts; that appellant has commenced an action against respondent to recover a large sum of money " on account of the services so as aforesaid rendered by him to the said Iroquois Construction Company," which is being defended by respondent on the ground that it did not employ him, and is now pending undetermined; that said appellant received the said grants of franchises and each of them for the special purpose of having the same accepted by respondent and for the purpose of filing the same after acceptance with the proper officials of villages and towns.

The appellant by his answer amongst other things alleged that he was employed by respondent in the matters referred to and denies that said instruments were received by him under such circumstances as render it improper for him to retain them under a lien for his compensation.

*Eugene Van Voorhis* for appellant.    A special proceeding can only be maintained by virtue of the provision of some statute or precedent authorizing it.    (3 Am. & Eng. Ency. of Law, 447; *Rooney* v. *Second Ave. Co.*, 18 N. Y. 373; *Matter of H*——, *an Attorney*, 87 N. Y. 521; *Matter of an Attorney*, 63 How. Pr. 152; *Carpenter* v. *Sixth Ave. R. R. Co.*, 1 Am. L. R. 418; *St. John* v. *Diefendorf*, 12 Wend. 261; *An Attorney's Lien*, 20 Am. L. R. 736; *Howitt* v. *Merrill*, 2 Silv. 160; *Matter of Wilson*, 2 Civ. Pro. Rep. 343.)    The court below had no jurisdiction to dispose of the appellant's lien by requiring the delivery of the papers in his possession, on the petitioner's giving security to pay whatever sum may ultimately be found due the attorney, without making provision for the determination of the extent and value of such services and without concluding the petitioner from ever after questioning its liability to pay the appellant for the services he rendered in its behalf, whether at the instance of the Iroquois Construction Company or otherwise.    (*Schell* v. *Mayor, etc.*, 128 N. Y. 68.)

*Warren Tubbs* for respondent.    The court at Special Term made this order upon admitted facts and in the exercise of a sound discretion.    (*Matter of Hollins*, 197 N. Y. 361; *Matter of Ney Co.*, 114 App. Div. 467; *Matter of Taylor I. & S. Co.*, 49 N. Y. S. R. 645; *Greenfield* v. *Mayor*, 28 Hun, 320; *McPherson* v. *Cox*, 96 U. S. 404; *Matter of Jewett*, 34 Beav. 22; *Matter of Bevan*, 33 Beav. 439.)    When it is doubtful whether an attorney is right in the assertion of a retaining lien, or there is a serious dispute as to the amount due, and his client offers security, the attorney should be ordered to deliver over papers.    (*Cunningham* v. *Widing*, 5 Abb. Pr. 413; *Matter of Taylor I. & S. Co.*, 49 N. Y. S. R. 645; *West* v. *Bacon*, 164 N. Y. 425.)

HISCOCK, J.    The respondent petitioner instituted this summary proceeding for the purpose of compelling the

appellant, an attorney, to deliver to it certain documents to which it claims to be entitled and which he claims to hold under an attorney's lien for compensation for services. Thus far it has succeeded in its application, an order having been made requiring the appellant to deliver to it the papers in question on execution of a bond conditioned for the payment of any compensation which ultimately may be determined to be due from respondent. We think, however, that the position assumed by the respondent in denying that appellant at any time acted as its attorney is irreconcilably inconsistent with its right to maintain this proceeding, and that, therefore, the order appealed from must be reversed.

The relationship of attorney and client is the very foundation of a summary proceeding such as this. The courts will not by such a proceeding enforce ordinary contractual obligations not springing out of this relationship, even though the obligor happens to be an attorney. Thus it has been held that the courts will not on such application compel an attorney to pay money in satisfaction of an ordinary debt. (*Windsor* v. *Brown*, 15 R. I. 182; *Matter of Gray*, L. R. [2 Q. B. 1892] 440.)

Likewise it is an answer to an application to compel an attorney to deliver papers that they were received by him as a mere agent and not by reason of his professional character as an attorney. (*Matter of H——, an Attorney*, 87 N. Y. 521.)

It has been decided at the General Term, although this doctrine was somewhat questioned by the judge writing in this court on appeal, that such a proceeding is so based on the personal relationship between the attorney and the client that the right to employ it will not pass to an assignee of the client. (*Matter of Schell*, 58 Hun, 440; *Schell* v. *Mayor, etc. of N. Y.*, 128 N. Y. 67, 69.)

When, however, this relationship of attorney and client does exist the courts by virtue of their inherent power and control over their own officers, and quite inde-

pendent of specific statutory provision, will under proper circumstances exercise jurisdiction and summarily compel an attorney to fulfill his obligations toward his client by paying money or delivering documents which belong to him, adequate provision being made in the latter case for satisfaction of any demands against the client for compensation and for which the attorney might have a lien on the documents. (*Matter of Knapp*, 85 N. Y. 284; *Matter of Hollins*, 197 N. Y. 361; *Matter of H——, an Attorney, supra.*)

Applying these well-established principles to the present proceedings we find that the respondent has unequivocally deprived itself of the right to maintain them by expressly and broadly contesting any relationship of attorney and client between it and the appellant. In effect it denies that it ever retained him in connection with the proceedings which placed in his hands the documents now sought and expressly alleges that his retainer and employment were by another corporation, and to emphasize this situation it sets forth the details of the litigation now pending undetermined between it and him over this very issue. The order which was made on its application fully recognizes this contest and preserves to respondent the right to continue it notwithstanding the papers in question are turned over to it. It requires the respondent as a condition of procuring the papers to execute a bond to the effect simply that it "will pay such sum as shall eventually be determined to be now justly due the said John Pallace, Jr., by this petitioner on account of legal services performed, or alleged by him to have been performed."

Thus while the courts have compelled appellant to act on the theory that he was the attorney of the respondent, it has permitted the respondent to proceed on the theory that it was not the client of the appellant. This is obviously so unreasonable and unfair that it makes it

32

easy to understand why precedents are not found for such a course or justifying such an order.

Of course what is thus said does not in any manner question the right of the court under proper circumstances to proceed in this manner against an attorney where the amount due him is controverted, the fundamental relationship not being denied, and to which situation the courts below undoubtedly assumed inadvertently the present case to be analogous.

Two minor propositions remain to be considered.

It was urged by respondent on the argument that any objections to the order appealed from might be obviated by requiring respondent's undertaking to be conditioned also for the payment of any compensation which might be determined to be due to appellant from the construction company. This suggestion is in effect condemned by what we have already said. The respondent had no part in or relation to the retainer of appellant by the construction company, and is not called on or permitted to settle the obligations or take advantage of the relationship between those parties as a basis for this application. Having denied that it entered into the relation necessary to enable it to maintain this proceeding, it cannot supply the defect by agreeing to fulfill the obligations which may exist in favor of the attorney against some other client. Such a course might protect the attorney from loss as the result of surrendering the papers and losing his lien but it would not at all give the respondent that character of client by virtue of which alone it can seek the relief which it is now asking.

It is further argued that the appellant received the documents in question under such circumstances and for such special purposes as prevent him from holding them under a lien for compensation. It is, of course, well settled that papers may come into the possession of an attorney under such conditions as are inconsistent with the enforcement of a lien for services and when such is the

case he will not be allowed to hold them. (*Matter of Hollins,* 197 N. Y. 361.)

There are, however, two answers to this argument of respondent in this case. In the first place, even assuming that respondent's petition did sufficiently set forth special circumstances inconsistent with the retention of these documents under a claim of lien, these allegations were denied by the appellant in his answer. Thus an issue of fact was presented which it must be assumed from the order made by the Special Term was determined in appellant's favor.

In the second place, if we are correct in the view that respondent under the allegations of its petition is entirely without right to maintain this proceeding, it is immaterial that the appellant for the reason suggested is improperly retaining the papers. Such improper conduct might be a subject for consideration between him and his client, but it is not of consequence here and now.

The orders of the Appellate Division and the Special Term should be reversed and the application denied, with costs in all the courts.

Cullen, Ch. J., Haight, Werner, Willard Bartlett, Chase and Collin, JJ., concur.

Orders reversed, etc.