MATILDA K. MONTUREAN, Respondent, v. HARRY B. MONTUREAN, Appellant.— Order directing defendant to submit to a physical examination reversed upon the law, without costs, and motion denied, without costs. (*Gore* v. *Gore,* 103 App. Div. 168.) Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

EDWARD H. MOONEY, Respondent, v. JULIUS ROSENBERG and ATLANTIC BATHS, INC., Defendants, and GUSTAV ROSENBERG and MALVIN B. MARIASH, Appellants.— Order, as amended, denying motion of defendants Gustav Rosenberg and Malvin B. Mariash to dismiss complaint as to them, affirmed, with ten dollars costs and disbursements, with leave to said defendants to answer within twenty days upon payment of such costs. No opinion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

PENN ALTO REALTY CORPORATION, Appellant, v. ARMY & NAVY DISTRIBUTING COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ.

JOSEPHINE ANDERSON PHILLIPS, Respondent, v. CASPER WISTAR HODGSON, Defendant. SAMUEL WILLIG and JOHN L. SHEPPARD, as Attorneys, Appellants; MACKEY & MARCHISIO, as Attorneys, Respondents. (Action No. 1.) — Order, in so far as appealed from, modified by striking out the provisions giving the appellants a lien upon the cause of action to the extent of seventeen and one-half per cent of the amount of any judgment or settlement and directing them to turn over forthwith to the substituted attorneys all papers in their possession or custody in relation to this action, and substituting in place thereof a provision that appellants have a lien upon the cause of action for the sum of $250, the value of their services to the time of the substitution of attorneys, and that, upon payment to them of said sum of $250 by plaintiff, they turn over to the substituted attorneys all papers in their possession or custody in relation to this action. As so modified the order is affirmed, without costs. In our opinion, the provisions of the order appealed from, limiting the appellants' lien to a contingent fee of seventeen and one-half per cent and the direction that they deliver to the substituted attorneys all the papers in the action are erroneous. Upon the discharge by the plaintiff of the appellants as her attorneys, she became liable for their services then rendered and they could not be compelled to turn over any papers in the action which were in their possession without payment for such services. (*Andrewes* v. *Haas,* 214 N. Y. 255; *Martin* v. *Camp,* 219 id. 170; *New York Phonograph Co.* v. *Edison Phonograph Co.,* 150 Fed. 233; *Matter of Hollins,* 197 N. Y. 361; *Robinson* v. *Rogers,* 237 id. 467.) Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.