REINERT *v*. ROBERTS.

1. Tenancy in Common—Fiduciary Relation—Confidential Adviser—Fraud.

While cotenants are not partners, and do not, merely as cotenants, sustain a fiduciary relation, and may deal with each other at arm's length, yet, one cotenant may not assume the position of agent for or adviser to the other, invite and obtain confidence, and then abuse the trust by nondisclosure of true facts or the making of false representations and fraudulently mulct his cotenant and not be held accountable.

2. Same—Accounting—Liability for Fraud.

Cotenant negotiating sale of property, who misrepresented the actual purchase price, is liable to account to other cotenant for amount out of which he has been defrauded.

Appeal from Ottawa; Cross (Orien S.), J. Submitted January 8, 1930. (Docket No. 50, Calendar No. 34,729.) Decided April 7, 1930.

Bill by Walter A. Reinert and another against Timothy A. Roberts and others for an accounting in the sale of lands held as tenants in common. From a decree dismissing the bill, plaintiffs appeal. Reversed and remanded.

*Charles E. Misner* and *Fred T. Miles,* for plaintiffs.

*Robinson & Parsons,* for defendants Roberts.

*West & Eckhart,* for defendants Stickney.

WIEST, C. J. Walter A. Reinert and Timothy A. Roberts, as tenants in common, owned, subject to a mortgage of $900, a parcel of land in Ottawa county. Alleging that Roberts, confederating with other defendants, perpetrated a fraud, in inducing him to join in selling the property for $7,500, subject to the mortgage, while Roberts had a purchaser for the property at $20,000, the plaintiffs filed the bill herein to have Roberts account. The bill was dismissed. Plaintiffs appealed.

Reinert and Roberts acquired the property as an investment in February, 1923, paying therefor the sum of $3,500. Reinert lives in the city of Chicago. In July, 1925, Roberts represented to Reinert that he had a purchaser for their interests, willing to pay $7,500, and assume the mortgage of $900, and represented in substance that such was the best available price. August 3, 1925, Roberts and his wife signed a deed of the property to Joshua C. Dickover, of Chicago, and on August 15th, Reinert and his wife

signed the deed and it was acknowledged. That deed called for a cash payment of $2,000, assumption of the mortgage of $900, and the giving of another mortgage for $5,500. August 3, 1925, Dickover and his wife executed a mortgage to Reinert and Roberts upon the property for the sum of $5,500, and acknowledged the same on the 5th. August 5, 1925, Dickover and his wife conveyed the property to Timothy A. Roberts and Harry F. Stickney. August 17, 1925, Roberts and Stickney and their wives sold the property, by land contract, to W. B. and Lewis A. Jarvis of Grand Rapids, for $20,000; $2,500 to be paid on that date, $3,500 on August 17, 1926, and $3,500 on the same date in 1927, 1928, 1929, and 1930. This contract was acknowledged August 26, 1925, and left with a bank in the city of Holland where payments were to be made. Mr. Dickover was a mere dummy in the transaction, employed as such in transferring the title from Reinert and Roberts to Roberts and Stickney.

A fiduciary relation existed on the part of Roberts toward his cotenant, Reinert, and it is clear, from the proofs, that the relation was abused and a fraud perpetrated.

Roberts wanted to get rid of his cotenant, advised with a scrivener how to do so, led Reinert to believe he (Roberts) was selling his interest and the price offered for both their interests was fair, when, in truth, he planned to retain his interest and knew before Reinert signed the deed that the property could be sold for $20,000 and deliberately withheld such knowledge from Reinert.

While cotenants are not partners, and do not, merely as cotenants, sustain a fiduciary relation, and may deal with each other at arm's length, yet, one cotenant may not assume the position of agent

for or adviser to the other, invite and obtain confidence, and then abuse the trust by nondisclosure of true facts or the making of false representations and fraudulently mulct his cotenant and not be held accountable. The rule to such effect is supported by *Lewis* v. *Jacobs,* 153 Mich. 664; *Calkins* v. *Worth,* 117 Ill. App. 478, affirmed 215 Ill. 78 (74 N. E. 81); *Garr* v. *Boswell,* 18 Ky. L. Rep. 814 (38 S. W. 513); 38 Cyc. pp. 14, 15.

It is the contention of defendants that, if plaintiffs are entitled to relief at all, they can have no more than the difference between what they actually received and what their interest in the property was worth.

We think the true rule is stated in *Calkins* v. *Worth, supra* (Ill. App.), quoting from the syllabus:

"Where a part owner of real estate acting for himself and as agent for his co-owner, negotiates a sale thereof, and does not disclose to such co-owner the true purchase price derived therefor, he is guilty of fraud and liable to account for the amount out of which his co-owner has so been defrauded."

Defendant Dickover has no interest in this suit, and the interests of Harry F. Stickney and Hazel D. Stickney are subject to the rights of plaintiffs as fixed by this opinion.

The decree is reversed, and one will be entered here in accordance with this opinion, and the case remanded to the circuit court to take an account of the amount out of which plaintiffs have been defrauded and to sequester payments under the land contract in satisfaction thereof. Plaintiffs will recover costs.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.