REINERT *v*. ROBERTS.

1. FRAUD—CONSPIRACY—COURT NOT CONCERNED IN DOING EQUITY BETWEEN CONSPIRATORS.

Courts are not much concerned with working out equities or doing exact justice between coconspirators who have deliberately defrauded a third person and later have been compelled by the court's decree to reimburse their victim.

2. SAME—PARTIES PERPETRATING FRAUD PERSONALLY LIABLE.

Defendants who conspired together and perpetrated a fraud upon plaintiffs were properly held personally liable for plaintiffs' loss.

3. SAME—CONSPIRATOR'S WIFE NOT PARTICIPATING IN FRAUD NOT LIABLE PERSONALLY.

Wife of defendant guilty of defrauding another should not be held personally liable therefor, in absence of testimony that she knew of said fraud, was a party thereto, or that she in any way benefited thereby.

4. SAME—ACCOUNTING—TITLE TO REAL ESTATE.

Decree that defendants are personally liable in sum of $3,620.28 for fraud perpetrated on plaintiffs is modified, on appeal, and amount thereof reduced to $2,928.73; and title of real estate involved is vested in plaintiffs subject to contract rights of vendees.

Appeal from Ottawa; Vanderwerp (John), J., presiding. Submitted April 15, 1931. (Docket No. 98, Calendar No. 35,595.) Decided June 1, 1931.

Bill by Walter A. Reinert and another against Timothy A. Roberts and others for an accounting in the sale of lands held as tenants in common. From decree made on remand from this court for an accounting, plaintiffs and defendants Roberts

and Harry F. Stickney appeal.  Modified and affirmed.

*Charles E. Misner,* for plaintiffs.

*Robinson & Parsons,* for defendants Roberts.

*Daniel Ten Cate,* for defendants Stickney.

North, J.  By the decree in *Reinert* v. *Roberts,* 250 Mich. 387, plaintiffs herein were entitled to an accounting against defendants, and the case remanded to the circuit court therefor.  The accounting has been had and a decree entered thereon in the circuit court.  Both plaintiffs and defendants claim error in the accounting and have appealed.  Before passing upon the accuracy of the accounting, we will consider other questions presented by the record and briefs now before us.

The circuit judge decreed there was due to plaintiffs $11,460.28 together with interest thereon from the date to which computation was made, July 12, 1930; and he decreed the defendants Timothy A. Roberts and Harry F. Stickney personally liable to plaintiffs for the payment of $3,620.28.  Mr. Stickney claims the testimony shows that more than half of the amount for which he and Roberts are personally liable has already been paid to plaintiffs by money which belonged to him personally, and he therefore urges personal liability for the balance decreed should not run against him but against Mr. Roberts only.  This position is not tenable.  In our former opinion we found that Roberts confederating with Stickney perpetrated a fraud upon plaintiffs. Courts are not much concerned with working out equities or doing exact justice between coconspirators who have deliberately defrauded a third per-

son and later have been compelled by the court's decree to reimburse their victim. In *Gilbert* v. *Hoffman*, 2 Watts (Pa.), 66, in commenting on this phase of the law, it is said:

"It is certainly not the duty of a court to protect the interest of a person who has been detected in an attempt at fraud."

"The law will not aid wrong-doers to adjust equities among themselves, nor alleviate their hardships growing out of their trespasses upon the rights of others." (Syllabus) *Upham* v. *Dickinson,* 38 Mich. 338.

"Public policy demands that two or more wrong-doers shall be left as to each other where their joint offense leaves them." *Township of Hart* v. *Noret,* 191 Mich. 427, 432 (L. R. A. 1916 F, 83).

The circuit judge justly held both Roberts and Stickney personally liable for plaintiffs' loss.

The circuit judge also held Mrs. Lillie M. Roberts personally liable to the extent of $1,812.64 of the amount found due plaintiffs. Mrs. Roberts has appealed from this portion of the decree, claiming that she should not thus be held personally liable. As disclosed in our former opinion (250 Mich. 387), this fraud was perpetrated by selling property formerly owned jointly by Reinert and Roberts to W. B. and Louis A. Jarvis for $20,000, but under Roberts' representation to Reinert that the consideration actually received for the property was only $7,500. The Jarvis sale was consummated by Roberts and Stickney and the contract payments, which were made at the Peoples State Bank in Holland, Michigan, were equally divided between these two men. Mr. and Mrs. Roberts had two joint accounts at this bank, one a commercial account, the other a savings account. Payments on the Jarvis contract

to the amount of $1,812.64 were credited by the bank
to the Roberts' joint savings account. The funds in
this account were not at any time sequestered in-
cident to this litigation. At one time after these
deposits were made Mrs. Roberts drew $700 out of
the savings account and placed it in the joint com-
mercial account. Other than this there is no satis-
factory proof by whom the withdrawals were made
or in what amounts. While Mrs. Roberts knew that
the payments on the Jarvis contract were being de-
posited in the joint savings account, it is not shown
that she knew of or was in any way a party to the
fraud perpetrated on these plaintiffs. She had
property of her own prior to her marriage to Rob-
erts; and after her marriage to him she conducted a
business to some extent on her own account. She
testified: "I did not draw out of that account any
more money than what I put in myself." The bank
cashier, evidently a disinterested witness, also testi-
fied that both of the Roberts' bank accounts were
joint, and further:

"As I recall it they started to do business that
way when Timothy A. Roberts married Lillie M.
Crisler. In fact Mrs. Roberts had some property
and when she married Roberts they put this money
in a joint account and this property in their joint
names."

We think the testimony fails to establish that
Mrs. Roberts now has in her possession or under her
control or has ever benefited in any way by pay-
ments on the Jarvis contract. Under such circum-
stances, Mrs. Roberts should not have been decreed
personally liable. If the joint bank account or some
portion thereof had been reached by some process
of the court and the Jarvis deposits thus sequestered

a different question would have been presented; but under this record personal liability should not be decreed against Mrs. Roberts.

Unless otherwise indicated, in the remaining portion of this opinion we shall refer to Mr. Roberts and Mr. Stickney as the defendants. In their behalf it is asserted that plaintiffs' side of the account should have been debited with one-half of the principal of a $5,500 mortgage given on this property by one Dickover, who was Stickney's father-in-law, and to whom defendants had the property conveyed in order that Dickover might in turn convey it to them and thus the fraud upon plaintiffs be consummated. The trial judge correctly found and decreed that the Dickover mortgage should be canceled and discharged of record, and not charged against plaintiffs. The seven installments of interest on this mortgage supposed to have been paid by Dickover, but in fact paid by Stickney, amounting to $577.50, were properly considered in the accounting. Plaintiffs have received one-half of that amount; they are chargeable therewith, and, as hereinafter noted, with legal interest thereon.

Examination of the details of the accounting in the circuit court discloses error in two particulars. Roberts and Stickney have received on the Jarvis contract payments totaling $15,520. In the accounting they were charged interest at the rate of six per cent. on these various installments from the date of payment to the date of computation—July 12, 1930. The computation of interest should have been at the rate of five per cent. per annum. So computed the amount is $2,559.85 which added to the $15,520 totals $18,079.85. Plaintiffs are entitled to one-half, or $9,039.93. In accordance with our former decree (see 250 Mich. 387), the unpaid portion of the Jarvis

contract has been sequestered and is to be applied on payment of the amount due plaintiffs. Defendants' one-half thereof with interest totaling $3,920 should therefore be first deducted, from the $9,039.93, leaving $5,119.93.

But plaintiffs have also received the following payments which should be debited against them in this accounting:

(A) $1,000 (August 6, 1925) on the Dickover sale, with accrued interest at five per cent. per annum computed to July 12, 1930, $1,246.66.

(B) Seven items of interest on the Dickover mortgage totaling $577.50 and interest at five per cent. to July 12, 1930, $658.03.

(C) One-half of the $954 incumbrance (which Stickney paid—December 26, 1925) and interest to July 12, 1930, $585.38.

In the accounting of the circuit judge plaintiffs were not charged with interest on items A, B, and C, as computed above. We think they should have been. These three items total $2,490.07. Deducting this amount from the above items of $5,119.93, there is a net balance of $2,629.86 for which Roberts and Stickney should be held liable to plaintiffs.

By common consent the parties seem to have agreed that the $298.87 of taxable costs incident to the former hearing in this court shall be included in this accounting. Adding this amount to the above $2,629.86, the final total would be $2,928.73.

Defendants assert the right to certain other credits. These were properly disallowed for reasons noted in the following portion of the circuit judge's finding:

"The checks to DeKeyzer, the Stickney personal expense claims and the credit for advertising,

should in my opinion not be allowed as a credit against the plaintiffs' claim. All of these items were expended in the efforts to defraud the plaintiffs as determined by the Supreme Court, and plaintiffs have received no benefit therefrom, with the possible exception of a few dollars for drawing the duplicate contract to Jarvis, and this item is not separated from the other total DeKeyzer bill, so it should not be allowed."

Plaintiffs have also appealed, and they assert error in the allowance by the circuit judge of items A and B above noted as credits to the defendants. They also urge that Mrs. Stickney should have been decreed personally liable. We have considered these claims and find them to be without merit.

The decree will be modified by eliminating the provisions by which Mrs. Roberts was held personally liable in the amount of $1,812.64, and by reducing the amount for which Timothy A. Roberts and Harry F. Stickney are decreed personally liable to plaintiffs from $3,620.28 to $2,928.73, as of July 12, 1930. We think the decree should also vest the fee title to the real estate covered by the Jarvis contract in plaintiffs subject to the rights of the vendees; it being of importance that the fee title should be definitely vested either in the event of the vendees performing and requiring conveyance or in the event of their default and a possible foreclosure. No costs are awarded on this appeal.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.