DE KEYZER *v.* MISNER.

1. Attorney and Client—Summary Proceeding—Court Rules.

In summary proceeding under Court Rule No. 4 for money claimed to have come into defendant's possession while acting as attorney for plaintiff, finding of circuit judge that relation of attorney and client was not established, and therefore said proceeding could not be maintained under said rule, *held,* justified.

2. Same—Enforcing Payment of Money.

Before court can enforce payment by attorney in summary proceeding, attorney must have received money while relation of attorney and client existed.

3. Same—Ordinary Contracts Not Enforceable Against Attorney by Summary Proceeding.

Courts will not enforce ordinary contractual obligations not springing out of relationship of attorney and client by summary proceeding, even though obligor happens to be attorney.

Appeal from Ottawa; Vanderwerp (John), J., presiding. Submitted January 6, 1932. (Docket No. 47, Calendar No. 36,148.) Decided April 4, 1932.

Petition by Cornelius De Keyzer under Court Rule No. 4 against Charles E. Misner for money claimed to have been received by defendant while acting as plaintiff's attorney. Petition dismissed. Plaintiff appeals. Affirmed.

*Thomas N. Robinson* and *Elbern Parsons,* for plaintiff.

*Charles E. Misner, in pro. per.*

As to determination of disputed questions in summary proceedings to compel attorney to surrender money or property, see annotation in L. R. A. 1918D, 830.

NORTH, J.  This is an appeal from the circuit judge's order dismissing appellant's petition filed under Court Rule No. 4, by which petition it was sought to have defendant ordered to pay to petitioner money claimed to have come into defendant's possession while he was acting as attorney for petitioner. The pertinent portion of Court Rule No. 4 reads:

"The circuit court of the county in which any attorney resides has jurisdiction in all matters in which the relationship of attorney and client exists, and, on verified written complaint of any client, * * * and hearing of such complaint, may make any order either for the payment of money or for the performance of any act by any attorney which law and justice may require."

The petition was dismissed on the ground that the proceeding provided in the rule is available only when the relation of attorney and client is established, and such relation was not shown to exist between petitioner and defendant.

Petitioner had taken part in a transaction wherein Timothy A. Roberts and Harry F. Stickney perpetrated a fraud upon Walter A. Reinert. Later petitioner contracted with Reinert to prosecute a suit in the latter's name to recover for the fraud, one-half of the amount so recovered to go to petitioner and his attorney. The latter two also agreed to divide equally the contingent compensation. The suit was instituted, but before hearing in the circuit court, because of circumstances which prevented the attorney procured by petitioner from continuing to handle the case, Reinert employed defendant as his attorney, although the former attorney also continued of record in the case. Defendant prosecuted the litigation to a conclusion. The case was twice

before this court and is reported in *Reinert* v. *Roberts*, 250 Mich. 387, and 254 Mich. 433. Defendant received for his client upwards of $7,000. Petitioner seeks in this proceeding under Court Rule No. 4 to recover one-fourth of the amount received by defendant.

The record conclusively discloses that petitioner had nothing to do with employing defendant as attorney in the case; nor was petitioner a party litigant in the suit prosecuted, and defendant in no way became a party to the contract between petitioner and Reinert. In fact, before defendant contracted to represent Reinert, petitioner had assigned in writing his interest in the Reinert contract to the attorney first employed in the case; and this fact was known to Reinert at the time he retained defendant. The circuit judge rightly found that the relation of attorney and client was not established between defendant and petitioner, and was right in holding that in the absence of the relation of attorney and client petitioner could not maintain this proceeding under Court Rule No. 4.

"Before a court can enforce payment by an attorney in a summary proceeding, the attorney must have received the money while the relation of attorney and client existed." *In re Minnesota Phonograph Co.,* 148 App. Div. 56 (132 N. Y. Supp. 1063 [syllabus]).

"The courts will not enforce ordinary contractual obligations not springing out of the relationship of attorney and client by a summary proceeding, even though the obligor happens to be an attorney." (Syllabus) *In the matter of Niagara, L. & O. Power Co.,* 203 N. Y. 493 (97 N. E. 33, 38 L. R. A. [N. S.] 207, Ann. Cas. 1913B, 234).

In view of the above holding, it is unnecessary to pass upon appellee's contention that the contract entered into between petitioner and Reinert is contrary to public policy and void or upon other questions raised. The judgment of the circuit court is affirmed, with costs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.