In the Matter of CELIA ZEIBERG, as Administratrix of the Estate of HARRY ZEIBERG, Deceased, Petitioner, against GERSON C. YOUNG, Respondent.

Supreme Court, Special Term, New York County, September 30, 1942.

*Meyer Kreeger* for petitioner.

*Telsey & Young* for respondent.

NULL, J. The motion is to direct an attorney at law to turn over to the petitioner certain stock certificates which were allegedly delivered to him as voting trustee pursuant to a voting trust agreement. Even though the respondent may have acted as attorney for petitioner's intestate in connection with the voting trust agreement, respondent's possession of the stock certificates was in the capacity of a voting trustee and not of an attorney at law. I have been unable to find any authority vesting this court with summary jurisdiction over a voting trustee even though he be an attorney at law. It is unfortunate that a member of the bar is constrained to confess that despite his obligations as a voting trustee, he is unable to state whether he ever received the stock certificate claimed by the petitioner to have been delivered to him or whether he ever issued a voting trust certificate to the petitioner's intestate. Apparently he kept no books or records of any kind although the corporate ledger and transfer record indicate that the stock certificate was in fact transferred to him. The circumstance that the respondent is the attorney for the surviving stockholders of the corporation in a suit brought by the petitioner is not without its significance. It seems to me that the situation would call for a greater degree of cooperation than has been indicated by the respondent in his papers in opposition. He has not chosen to do more than stand on his rights. Accordingly the application must be denied without prejudice to petitioner's right to proceed by plenary suit or as she might otherwise be advised.