Abraham N. Geller, J.
The petitioner corporations, by notice of application and petition instituting this proceeding, apply for an order directing the respondent, an attorney, to return to petitioners certain of their corporate papers, including stock certificates, claimed to be wrongfully withheld by respondent.
Respondent asserts, and it appears, that at or prior to the service upon him of the papers purporting to institute this proceeding, he returned to counsel for the petitioners all of the documents involved other than certain stock certificates and stock powers related thereto.
Simultaneously, an application, in the nature of a cross motion, has been brought on, by order to show cause, pursuant to which a third party requests, among other things, leave to become and to be added as a party respondent in this proceeding. The third party asserts that it is entitled to possession of the stock certificates as a pledgee and as collateral security for a loan made by it to one of the petitioner corporations. The *767 respondent attorney takes the position that he neither supports nor opposes the application made by petitioners for the return of the stock certificates and related powers, that he would have returned them to the petitioners but for the adverse claim asserted by the third party, the alleged pledgee, and that he has made no disposition of the certificates pending instructions from an appropriate tribunal.
The stock certificates and other corporate papers were delivered to the respondent in connection with a proposed, aborted underwriting and public offering of the stock of one of the petitioner corporations. There is a dispute, which cannot be resolved on the papers, as to whether respondent was the attorney for the petitioners. The underwriting agreement would indicate that the respondent was counsel for the underwriter and that one of the petitioner corporations was to pay his fees. In respondent’s opposing affidavit, he refers to his position as former special counsel to the petitioners; but in his supplemental affidavit, he states that he was retained by the underwriter in the matter and that he was required to assist and advise counsel for the petitioners in connection therewith. Petitioners assert that respondent was counsel to one of them and the third-party claimant suggests that respondent was the attorney for neither of the petitioners. On this state of the record, the court can neither find nor assume that the respondent acted as attorney for either one of the petitioners. This in itself would, in the court’s opinion and as a matter of proper judicial discretion, require the denial of the application summarily to compel return of the stock certificates to petitioners. (See Matter of Niagara, Lockport & Ontario Power Co., 203 N. Y. 493; Matter of Minnesota Phonograph Co., 148 App. Div. 56, affd. 212 N. Y. 574.) Beyond this and despite the fact that no procedural opposition has been interposed to the summary disposition here sought to be obtained, the court has been unable to find any authority vesting it with summary jurisdiction in the circumstances here presented even though the respondent is an attorney (cf. Matter of Zeiberg v. Young, 179 Misc. 119). The factual and legal issues raised by the third-party claimant should be presented and disposed of by plenary suit; perhaps by action of interpleader pursuant to article 28 of the Civil Practice Act.
The court recognizes that simplicity of procedure is to be desired and that purely technical matters of procedure should normally not be permitted to obstruct or delay coming to grips with the merits of a controversy. But what is involved here is more than merely a technical matter of procedure. Disputes of the character here involved should normally be determined *768 by plenary suit instituted by the service of a summons and the issues presented should be raised by pleadings. The Legislature has recently taken steps looking towards a simplified procedure for the determination of disputes which would permit in certain circumstances the institution of a civil action without the service of a summons and without pleadings (L. 1961, ek. 863, eff. Sept. 1, 1961). The new legislation, which is not yet effective, does not embrace within its scope disputes of the kind presented on these motions. In the court’s opinion, it should not ignore the conventional requirement for institution of a plenary suit notwithstanding that none of the parties has seriously objected to disposition of the matter by summary, special proceeding. For were the court to entertain this proceeding, it would have no alternative but to remit the matter for trial to a Trial Judge, without the benefit of pleadings and possibly without affording to the parties such rights as they might have to pretrial depositions and other procedures. The real dispute over possession of the stock certificates and related powers is between the petitioner corporations on the one hand and the third-party claimant, the alleged pledgee, on the other; the respondent attorney is only a stakeholder. Accordingly, for the reasons mentioned and both as a matter of law and in the exercise of the court’s discretion, the application and the cross motion are denied, without prejudice to the right of any of the parties, including the proposed intervenor, to proceed by plenary suit or as any of them might otherwise be advised.