█ In the Matter of Rose B. KRAUT, Appellant, v. WALTER RAAB, Respondent.— In a proceeding by the attorney of record for the plaintiff in a pending negligence action: (a) to be relieved as such attorney; (b) to fix the amount of her (the attorney's) compensation for services rendered from 1960 to 1963, and to fix the amount of her disbursements in such action; and (c) to require plaintiff to pay the amounts so fixed before requiring her to surrender the papers in her possession, the said attorney appeals from an order of the Supreme Court, Dutchess County, entered January 28, 1964, insofar as said order (which granted her motion to the extent of relieving her as attorney, fixing her fee at $500 and her disbursements at $18.80, and giving her a charging lien for $518.80 upon any recovery): (a) fixed her fee at an inadequate amount; (b) directed her, upon plaintiff's application therefor, to deliver to the plaintiff all the papers in her possession relating to the action; and (c) failed to require plaintiff to pay the amounts fixed or to post security therefor before requiring her to surrender the papers to him. Order modified on the law and the facts and in the exercise of discretion by adding a fourth decretal paragraph to the effect that the papers directed by the preceding third decretal paragraph to be delivered to the plaintiff by the attorney Rose Baum Kraut, shall be delivered only upon the condition that the plaintiff shall first either: (a) pay to said attorney the sum of $518.80, or (b) file and serve an undertaking with corporate surety to pay such sum to her within 30 days after the disposition (whether by settlement or by judgment in favor of *or against* the plaintiff) of the pending

action in which her services were rendered. As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to the attorney appellant. While we believe that the amounts fixed for the attorney's fee and disbursements are proper, it is our opinion that, under all the circumstances here involved, the attorney's charging lien for such amounts should first be satisfied or fully secured before the attorney is required to surrender the papers which are the subject of her lien (cf. 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 321.16; *Matter of Hollins,* 197 N. Y. 361). Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.