Itria Ventures LLC v IC Shop LLC (2026 NY Slip Op 50088(U))

[*1]

Itria Ventures LLC v IC Shop LLC

2026 NY Slip Op 50088(U)

Decided on January 27, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2026
Supreme Court, Kings County

Itria Ventures LLC, Plaintiff,

againstIC Shop LLC dba Iseedealz and Mohammad Ilyas, Defendants.

Itria Ventures LLC, Plaintiff,
againstIC Shop LLC dba Iseedealz and Mohammad Ilyas, Defendants.
Index No. 502151/2020

Aaron D. Maslow, J.

TO THE DEFENDANTS IN THESE ACTIONS:
YOU MUST READ THIS DECISION AND ORDER CAREFULLY, AS IT CONTAINS IMPORTANT INFORMATION, INCLUDING YOUR RESPONSIBILITIES AND SEVERAL DEADLINES.
YOUR ATTORNEY, DANIEL G. RUGGIERO, IS NO LONGER REPRESENTING YOU DUE TO HIS SUSPENSION FROM THE PRACTICE OF LAW.
DEFENDANT IC SHOP LLC dba ISEEDEALZ, YOU WILL NEED TO SECURE NEW LEGAL REPRESENTATION IN ORDER FOR YOUR DEFENSES TO BE PURSUED IN COURT; AN LLC MUST APPEAR BY AN ATTORNEY. DEFENDANT MOHAMMAD ILYAS, YOU WILL NEED TO REPRESENT YOURSELF OR SECURE NEW LEGAL REPRESENTATION IN ORDER FOR YOUR DEFENSES TO BE PURSUED IN COURT.
It is hereby ORDERED as follows:
In these two actions, Plaintiff alleges breaches of merchant cash advance contracts by Defendants. In the action with Index No. 502093/2020, Plaintiff claims breach of a contract entered into on July 9, 2019, and seeks payment of $14,664.83. In the action with Index No. 502151/2020, Plaintiff claims breach of a contract entered into on October 2, 2019, and seeks payment of $15,250.00. Answers were served and filed in both actions.
The Court is in receipt of correspondence from Plaintiff's counsel requesting an adjournment of his client's two summary judgment motions in these actions—one in each action—scheduled to be heard this Friday, January 30, 2026; no opposition has been interposed on behalf of Defendants. Plaintiff's counsel states that it appears Defendants' counsel may currently not be practicing law, and the adjournment is sought to enable Plaintiff's counsel to serve the Defendants themselves with the motion papers. The Court finds this a reasonable request. As Plaintiff's counsel points out, in the action with Index No. 502151/2020, Defendants' counsel, Daniel G. Ruggiero, submitted a document withdrawing as counsel for Defendants. However, none was filed in the action with Index No. 502093/2020.
In researching the matter, the Court has ascertained that Daniel G. Ruggiero was suspended from the practice of law by the Appellate Division, Second Department, for a period of one year, in a decision dated September 11, 2024, Matter of Ruggiero (232 AD3d 124 [2d Dept 2024] [copy attached as Appendix A]). According to the website of the New York State Office of Court Administration, Mr. Ruggiero's current status is that he remains suspended. Without there being a withdrawal as counsel in the action with Index No. 502093/2020, the issue the Court is presented with is how to proceed.
It is unlawful for one to practice law without authorization (see Judiciary Law § 478). As a suspended attorney, Mr. Ruggiero is barred from practicing law, pursuant to Judiciary Law § 486, which provides:
Any person whose admission to practice as an attorney and counselor-at-law has been revoked or who has been removed from office as attorney and counselor-at-law or, being an attorney and counselor-at-law, has been convicted of a felony or has been suspended from practice and has not been duly and regularly reinstated, who does any act forbidden by the provisions of this article to be done by any person not regularly admitted to practice law in the courts of record of this state, unless the judgment, decree or order suspending him shall permit such act, shall be guilty of a misdemeanor unless otherwise provided by section four hundred eighty-five-a of this article."The supreme court shall have power and control over attorneys and counsellors-at-law and all persons practicing or assuming to practice law. . . (Judiciary Law § 90 [2]). "Judges can take appropriate steps to regulate the conduct of lawyers appearing before them, short of formal discipline (see Matter of First Natl. Bank of E. Islip v Brower, 42 NY2d 471, 474 [1977])" (People v Perez, 37 Misc 3d 272, 293 [Sup Ct, Queens County 2012]). It is well settled that courts have inherent power and control over their own officers, including attorneys (see Matter of Niagara, Lockport & Ontario Power Co., 203 NY 493, 494 [1911]). "It has been the uniform practice of the courts to exercise summary jurisdiction over the conduct of parties and attorneys in actions pending in court, and enforce obedience to orders and directions made by it in the interest of fair dealing and honesty, to protect the rights of all parties or persons whose rights have been affected by the litigation" (Forstman v Schulting, 108 NY 110, 112 [1888]). A court shall take remedial action to prevent fundamental unfairness to a client (see Matter of [*2]Adjournment of a Motion for Summary Judgment, 83 Misc 3d 229 [Sup Ct, Kings County 2024]).
In light of this, in order to protect their interests of Defendants and to insure that they are not represented by a suspended attorney who did not formally withdraw from representing them in the action with Index No. 502093/2020, the Court sua sponte herewith dismisses Daniel G. Ruggiero as their attorney. It does so because he is unable legally to represent Defendants in that action.
The Court does not know if Defendants are aware that Mr. Ruggiero, who had represented them in both actions, was suspended from the practice of law. In any event, this decision and order shall constitute notice to them of such fact. Pursuant to CPLR 321 [c], "no further proceeding shall be taken in the action against the part[ies] for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs."
In compliance with this CPLR provision, designed to afford the clients an opportunity to retain another attorney, and to afford Defendants fundamental fairness, the Court imposes a stay in both actions to take effect immediately and to expire on March 18, 2026. While an individual defendant may appear pro se, an LLC defendant must appear by an attorney (see CPLR 321 [a]; Michael Reilly Design, Inc v Houraney, 40 AD3d 592 [2d Dept 2007]).
Meanwhile, Plaintiff's counsel is directed to serve the two Defendants with copies of this decision and order and the original motion papers by February 6, 2026, the purpose underlying multiple modes of service being to render it likely that they receive them.
Service upon Defendant Mohammad Ilyas shall be made through all of the following modes of service:
(a) Delivery in hand to such Defendant or to a person of suitable age and discretion at the dwelling place or usual place of abode of such Defendant, if such can be accomplished during three attempts using due diligence;
and(b) Delivery by overnight Express Mail (without requiring the recipient to sign) to such Defendant's personal and business addresses known to the movant attorneys;
and(c) Delivery by certified mail return receipt requested to such Defendant's personal and business addresses known to the movant attorneys;
and(d) Delivery by email to all known email addresses for such Defendant, the email caption reading, "You are no longer represented by an attorney in two cases where you are sued."Service upon Defendant IC SHOP LLC dba ISEEDEALZ shall be made through all of the following modes of service:
(a) Pursuant to CPLR 311-a, if such can be accomplished during three attempts using due diligence;
and(b) Delivery by overnight Express Mail (without requiring the recipient to sign) to such Defendant's business addresses (and personal addresses of LLC members) known to the movant attorneys;
and(c) Delivery by certified mail return receipt requested to such Defendant's business addresses (and personal addresses of LLC members) known to the movant attorneys;
and(d) Delivery by email to all known email addresses for such Defendant, the email caption reading, "You are no longer represented by an attorney in two cases where you are sued."Proof of service as directed above shall be filed by Plaintiff by February 11, 2026.
By March 18, 2026, Defendant Mohammad Ilyas shall either file a notice of appearance to represent himself or have an attorney file a notice of appearance on his behalf. By March 18, 2026, Defendant IC SHOP LLC dba ISEEDEALZ shall have an attorney file a notice of appearance on its behalf.
By March 31, 2026, any response by Defendants to Plaintiff's two summary judgment motions shall be served and filed. If such a response is served and filed, Plaintiffs' reply shall be due by April 10, 2026.
The two summary judgment motions are adjourned to April 17, 2026, to appear on the motion calendar of the Court for that day. The Court sits in Courtroom 15.58 at the Supreme Court Courthouse located at 320 Jay Street (corner of Johnson Street), Brooklyn, New York.
E N T E RHON. AARON D. MASLOWJustice of the Supreme Court of the State of New York